## C. A. PEARSON ET AL. *v.* CHARLES JOHNSON ET AL.

1. EMINENT DOMAIN. *Proceeding to condemn private property. Compensation.*

 Three commissioners, appointed by the board of supervisors under c. 29 Code 1871, on petition of the defendants, freeholders of a county on the Mississippi River, to report as to a steamboat-landing and cotton-yard, reported that the landing and yard were required for the public convenience, and that they had laid off two acres of land, the property of the plaintiffs, on the bank of the river, for the purpose. Their finding having been accepted and approved by the board within sixty days thereafter, the plaintiffs were turned out and the defendants put in possession, without compensation made or tendered, before twelve householders had assessed the compensation, or the one year had expired within which, by § 1884 Code 1871, at suit of the owner, such assessment might have been made. *Held,* that this was an invasion of private right, and a violation both of the Constitution and of the statute.

2. SAME. *Statute must provide for compensation.*

 A statute, which provides a mode of procedure by which a person may be deprived of his property for a public use without compensation *first* made, is unconstitutional.

3. SAME. *Paramount to private right.*

The right of eminent domain in the State is paramount to the private right to property, and private right must yield to such appropriation as in the nature of an enforced sale.

4. SAME. *Constitutional regulation.* ·

The Constitution regulates the right, so that the owner cannot be compelled to yield his property to a public use, unless payment is first made or tendered.

ERROR to the Circuit Court of Claiborne County.

Hon. URIAH MILLSAPS, Judge.

Pearson & Son, on Aug. 24, 1874, brought this suit, under c. 19 Code 1871 ("An Act in relation to unlawful and forcible entry and unlawful detainer"), against the defendants, for the recovery of two acres of land near Grand Gulf, Claiborne County, Mississippi. The case was tried before the special court of three justices, provided by art. 4 of said act. Judgment was rendered for the defendants, and the plaintiffs appealed to the Circuit Court, where the case was tried by the judge, upon the following agreed statement of facts : —

" It is agreed that the plaintiffs were in possession of the property in controversy at the time of the issuance of a writ of possession by the board of supervisors of Claiborne County. The defendants, ' freeholders of the county,' were put in possession by the sheriff of Claiborne County, by virtue of proceedings by them instituted in June, 1874, and regularly had before the board of supervisors of said county, under c. 29 Code 1871, and concluded on June 24, 1874; of which proceedings the plaintiffs had due and legal notice. Five of the defendants and one of the plaintiffs were present when the sheriff put Charles Johnson in possession for all. No threats, intimidation or unnecessary violence was used. C. A. Pearson, one of the plaintiffs, protested against the sheriff dispossessing him. No compensation has been demanded, paid, tendered or assessed."

Judgment being for the defendants, the plaintiffs brought up the case.

*J. D. Vertner*, for the plaintiffs in error.

Sect. 10, art. 1, Constitution of Mississippi, provides that

" private property shall not be taken for public use, except upon due compensation *first* being made to the owner or owners thereof, in a manner to be provided for by law." Any law or proceeding, under which private property may be taken *before* compensation is made, is utterly null and void. *Thompson* v. *Grand Gulf Railroad & Banking Co.*, 3 How. (Miss.) 240 ; Cooley Const. Lim. 560, 562. Contrast the Constitution of Mississippi with the fifth amendment to the Constitution of the United States. The former requires the compensation to be precedent.

*E. S. Drake*, for the defendants in error.

Chap. 29 Code 1871 is not unconstitutional. It amply provides for compensation ; and in this case the right to compensation was waived. Cooley Const. Lim. 561, note 4 ; Sedgwick on Stat. and Const. Law, 109, 111, 421. If ample provision is made by law, it is sufficient. Cooley Const. Lim. 560, note 2. The remedy for the assessment of damages displaces all other remedies, and persons acting thereunder are protected. Cooley Const. Lim. 564, note 2 ; *Brown* v. *Beatty*, 34 Miss. 227, 243.

SIMRALL, C. J., delivered the opinion of the court.

Two acres of land, on the bank of the Mississippi River, near the town of Grand Gulf, the property of the plaintiffs in error, were condemned for a steamboat-landing and cotton-yard. It is agreed that the proceedings were regularly conducted, under c. 29 Code 1871, §§ 1881–1883. The complaint is that the plaintiffs in error were turned out of possession of the two acres condemned to the public use by the sheriff and his abettors, without compensation paid or tendered. The final action of the board of supervisors was had on the 24th of June, 1874 ; that is to say, as we construe the statement of facts, at that time the board accepted and approved the finding of the commissioners, who reported that the " landing and cotton-yard " were required for the public convenience, and that they had laid off the two acres for that purpose. Very shortly after this, the sheriff, with a precept issued under authority of the board, attended by a small posse, ejected Pearson & Son from the land, and put one or more of the

petitioners in possession. This occurred before the 24th of August, for on that day this suit was brought.

The plaintiffs in error affirm that they have wrongfully been deprived of their property for a public use, " without compensation first being made to the owner or owners thereof, in a manner to be provided for by law," as required by § 10, art. 1, of the Constitution. It is objected, first, that the " *manner* " provided by the code above cited does not conform to the Constitution.

After the commissioners have made their report, and the board have condemned the land to the public use, the owner, or any other person claiming compensation for the land or damages, as provided in § 1884, may within twelve months petition the board, setting forth the nature and character of the damages claimed; and thereupon an order shall be made directing the sheriff to summon twelve disinterested householders to meet on the premises to assess the damages. And the damages, when confirmed, shall be paid by the petitioners. " And it shall not be lawful to enter upon or use the said lot, for any of the purposes for which it was condemned, until the damages so awarded and the costs shall be paid or tendered." The sheriff " shall, upon the tender and refusal of the said damages and costs, immediately place the petitioners in possession of the land so condemned and valued, who shall be authorized to enclose the same, and to erect the necessary warehouses, sheds and buildings, to be used for the purposes specified."

The " owner " or " other person " has twelve months after the report of the three commissioners, finding the steamboat-landing to be required and laying off its boundaries, within which to make claim for compensation ; nor shall it be lawful to appropriate and use the premises until the damages and costs have been paid or tendered. The contingency on which the sheriff may put the petitioners in possession is the tender and refusal, or payment of the damages awarded.

If we concede that § 1884 does not conflict with the Constitution, the petitioners and the board of supervisors did not follow the statute. They, with the sheriff, deprived the plaintiffs in error of their property without *first* making compensation ; and that, too, before the time had expired within which

application might be made to determine the amount. The result has been a deprivation of property for the public use, without compensation first made, which is a palpable invasion of private right and a violation of the Constitution.

Private property must yield to the public necessity. The owner can plead no inconvenience or damage to himself in bar of the right of eminent domain in the government. But, before the condemnation to the public use shall be complete, he must be paid, — paid, not his estimate, but what shall be assessed as compensation. The Constitution has enjoined on the legislature the duty of providing a method of exercising this high prerogative. No statute will satisfy the Constitution which does not embody the idea that the public cannot extinguish private dominion, and transfer property to the common use, unless payment is made before the supreme authority enters upon and takes control of the property. That principle was distinctly announced in *Thompson* v. *Grand Gulf Railroad and Banking Co.*, 3 How. (Miss.) 240. The guaranty of the Constitution is not satisfied, as held in that case, by giving to the owner a judgment against the corporation or persons specially interested in the public use of the property. Judgment is not satisfaction or *payment*. It is but a debt, conclusively established, with certain privileges incident to it to procure satisfaction. Further, the Constitution is not satisfied by a statute which is not framed on the theory that compensation must be assessed, and *actually* made or tendered, to the owner ; and it must not be on the plan that the land shall be condemned, and, if the owner does not in a suit ask compensation in a time limited, he shall be esteemed as waiving his right.

Since the individual holds property subordinate to the public necessity, the Constitution intends that, whenever that ultimate, paramount right is exerted, there must be what is in its nature a compulsory transfer of the owner's dominion for a price to be estimated and paid. The proceeding has the elements of an enforced sale. The consent of the owner is not required, his dissent is not regarded, either in parting with the property or fixing the value. Both are accomplished *in invitum.* Two conditions are imposed as limitations on the right of eminent domain, incident to every form of sovereignty :

first, the decision in some form of inquest that the private property is needed for the particular public use; and, second, the assessment, and payment, or tender, of compensation before it shall thus be appropriated.

The constitutional guaranty has been utterly disregarded in this case. Within sixty days after the board of supervisors had accepted the report of the three commissioners, and had declared that the two acres of land were needed for a public "steamboat-landing and cotton-yard," and before the twelve householders had assessed the amount of compensation to be made to the owners, and before the time had expired within which, at the suit of the owner, such assessment might have been made, the plaintiffs in error were, against their protest, turned out and the petitioners put in possession of the premises.

It may not be out of place to suggest that the statute referred to should be amended.

*Judgment reversed and cause remanded.*