## J. D. CAGE ET AL. v. LOUIS TRAGER.

1. EMINENT DOMAIN.  *Condemnation.   Owner compelled to seek damages.   Constitutionality of Act of 1882, and sect. 1884, Code 1871.*

   The special act of January 30, 1882, entitled "An act providing for the establishment of a public landing on the bank of the Mississippi River, in the County of Wilkinson, and for other purposes," which, instead of requiring those seeking the condemnation of private property for the public uses mentioned in the act to institute and carry through proceedings for the ascertainment of the damages to be paid· or tendered to the owner of such property, devolves that duty or privilege upon the owner himself, is not on this account violative of sect. 10, Art. I., of the Constitution, which provides that, "private property shall not be taken for public use, except upon due compensation first being made to the owner or owners thereof, in a manner to be provided by law."   The provision referred to in the act of 1882 is similar to that in section 1884 of the Code of 1871.

2. SAME.  *Notice of condemnation.   Time allowed for compensation.   Objection, when obviated.*

   A non-resident whose land has been condemned under the act above referred to cannot successfully assail the proceedings on the ground that the provisions

of the act, as to the manner of giving him notice of the proceedings and the time allowed him to apply for damages, are unconstitutional because of the insufficiency of such notice and time allowed; where it appears that he has had actual notice and, within the time limited, filed a bill to enjoin the proceedings.

8. SAME.  *Proceedings of condemnation.  Bill to enjoin.  Presumption in favor of record.*

In a suit by the owner of land to enjoin proceedings for condemnation thereof under the act above referred to, it is not necessary to the validity of the proceedings which it is sought to enjoin that the record shall show affirmatively that the commissioners who were appointed to select a site for the landing and who selected the complainant's land were resident freeholders or householders of the county, but the Board of Supervisors having jurisdiction of the subject-matter, and it appearing that jurisdiction of the person was obtained in the mode prescribed by the statute, the subsequent proceedings are presumed to be correct.  *Board of Levee Commissioners* v. *Allen, ante,* distinguished.

APPEAL from the decision of Hon. H. S. VAN EATON, Chancellor of the Tenth Judicial District, sitting, in vacation, at Woodville, in Wilkinson County.

Under an act of the Legislature, approved January 30, 1882, entitled "An act providing for the establishment of a public landing on the bank of the Mississippi River, in the county of Wilkinson, and for other purposes," the Board of Supervisors of that county, upon the petition of J. D. Cage and others, citizens of the county, had caused a certain lot of ground belonging to Louis Trager to be laid off and marked for a public landing on the Mississippi River.  Thereupon Trager filed the bill in this case to enjoin the petitioners, Cage and others, and their attorneys, the members of the Board of Supervisors, and the sheriff, from taking any steps towards using or leasing the lot for a public landing, and from executing an order of the Board of Supervisors in reference thereto.  A temporary injunction was granted.  The defendants answered, and made a motion to dissolve the injunction. The motion was overruled, they appealed.  The questions presented for adjudication are sufficiently stated in the opinion of the court.

*J. H. Jones* and *C. P. Neilson,* for the appellants.

The special act under discussion provides that the owner of

the land shall be allowed until the next meeting of the Board of Supervisors after the report of commissioners is received and approved to make his claim for damages, and provides the mode of assessing the same, and of paying it, and forbids the sheriff from taking possession of the land until the damages are paid. Acts 1882, p. 273, sects. 4, 5. These provisions are clearly in accord with the Constitution and the construction given it by the courts. It might be objected that the duty of making the application for damages devolves on the owner of the land under the act of 1882, and that it differs, in this respect, from the Code of 1880. Such an objection could not be maintained, for the Legislature, in granting railroad charters, generally confers the right of applying to have damages assessed on either the owner or the corporation, and if it is empowered to grant the right in the alternative, it can certainly grant it to either one of the parties interested; and surely no person could be fitter to apply for damages than he to whom the damages were due. But this special act is clearly constitutional for another reason. It is almost identical with the statute providing for the laying out of public roads; and as to the means provided for obtaining compensation by the land-owner, they are identical. The principle involved in the two statutes is the same. Both provide for an exercise of the right of eminent domain, and both provide for setting apart of private lands for public uses; and if the one be constitutional, the other must be also. See *Blake* v. *McCarthy*, 56 Miss. 654. Another objection urged to the constitutionality of the special act is that it does not provide for sufficient legal notice to the land-owner. Sect. 1 of the act provides that five days' notice shall be given the owner, and if he is a non-resident the notice shall be given by posting on some conspicuous place on the land. This provision is substantially the same with that in the Code for giving notice to owners through whose lands it is desired to lay out a public road, and the argument already advanced on another point applies with equal force here. Sufficient notice in this

case is shown by the averments in the answer, that defendant in error had personal notice of the filing of the petition and that his agent residing on the land was also notified. And we find this further confirmed by the fact that at the meeting of the Board of Supervisors in December, 1882, the appellee was present by counsel, enjoining and restraining the board from further proceedings. It is further objected that the clause authorizing the Board of Supervisors to lease said landing is unconstitutional. It is well settled that the power to exercise the right of eminent domain may be delegated to private persons or corporations, and that reimbursements in the way of tolls and charges are admissible. 34 Miss. 240; 4 Wend. 672. It is urged by counsel for appellees that appellant's case is fatally defective in that the record fails to show that the commissioners, who laid off the landing, were freeholders. He regards it as a jurisdictional fact, which must appear affirmatively. We submit that the question of qualification of the commissioners has no relation to, or effect on, the question of the jurisdiction of the court. The *situs* of of the land, the petition and notice to the owner, gave the court jurisdiction. The appointment of commissioners was but a step in the progress of the suit. It is presumed the requirements of the law were complied with.

*D. C. Bramlett*, for the appellee.

The proceedings here to appropriate the private property of appellee for a pretended public use are by virtue of an act of the Legislature, approved January 30, 1882, and will be found on p. 231, *et seq.*, of the Acts for that year, and is special for the county of Wilkinson. This enactment of the Legislature is unconstitutional, for the reasons : —

1. That it authorizes the taking of private property for public use without providing that compensation be first made to the owner, and is therefore in violation of sect. 10, Art. I., Bill of Rights of the Constitution of this State. It is wholly unnecessary to offer any reason whatever for this view, or to cite any other authority in support of it, than the case of *Pearson* v.

*Johnson*, 54 Miss. 259. The case before this court then arose under chap. 29, Code 1871, which, in its essential features, is similar to the special act referred'to, 'and is identical with it in the failure to provide that compensation must be assessed and actually made or tendered to the owner. It is true that both provide that if the owner claims compensation or damages for the land he shall within a specified time petition the Board of Supervisors, setting forth the nature and character of the damages claimed. See sect. 4, Special Act, 1882, and sect. 1884, Code 1871. This, however, the court, in the case cited, says does not satisfy the Constitution. See 54 Miss. 263. The Code of 1880, chap. 26, sect. 918, provides that compensation must be assessed and actually made or tendered to, the owner before his property is taken. Now, the order of the Board of Supervisors does not pretend to make appellee compensation, nor does it provide that Babus, appellee's tenant, and whom appellee is bound to protect, shall be first compensated in money, but directs a warrant to issue, and at once orders appellant Miller, as sheriff, to open said lot of ground.

2. It is an attempt to deprive appellee of his property without due process of law, and therefore violates sect. 2 of the Bill of Rights. Without referring to any text-book or decisions of any courts, as to what is meant by due course of law, it is only necessary to say that any enactment of the Legislature which authorizes the taking of property without due and legal notice to the owner is unconstitutional and against the law of the land. Due and legal notice is direct or personal service of process, or a substituted service by publishing or posting, and if the latter mode is of necessity bound to be adopted it must be in such a manner as is calculated to bring it home, if possible, to the knowledge of the party to be affected. Cooley's, Const. Lim. * 404. The special act here (sect. 1, p. 274), provides that if the owner is a non-resident, five days' notice shall be given by putting up such notice in some conspicuous place on such land, and the appelleee is a non-resident, and that is the only notice given

appellee of the proceedings had by the Board of Supervisors. It is plain that such pretended notice as this was not calculated to apprise appellee of the pendency of the proceedings to deprive him of his property.

But aside from this, the act complained of, bad as it is, has not been complied with, for it provides that the commissioners who are to examine the public landing, etc., shall be freeholders or householders and residents of Wilkinson County. See sect, 1, p. 274, Acts 1882. It was evidently the intention of the Legislature that none but residents of the county, who were interested in land, should serve as commissioners, and the Board of Supervisors fail to appoint such persons as commissioners in this case. Nor can it be presumed that the commissioners thus appointed were possessed of the necessary qualifications, for the Board of Supervisors, being a court of special jurisdiction, nothing can be presumed in its favor, but the record must show affirmatively that the statute was strictly complied with. Cooley's Const. Lim. * 406, 407. *Allen* v. *Levee Commissioners,* 57 Miss. 167.

CHALMERS, J., delivered the opinion of the court.

This is a proceeding to establish a public landing on the Mississippi River at Fort Adams, in Wilkinson County, under authority of a special act of the Legislature for that purpose. Acts 1882, p. 273.

The constitutionality of the act which, in most of its requirements, is a reproduction of the general act in the Code of 1871 for the establishment of public landings, is attacked on several grounds, the principal one being that it does not compel those seeking the condemnation of private property themselves to institute and carry through proceedings for the ascertainment of the damage to be paid or tendered to the owners of property taken, but devolves that duty or privilege on the owners.

In this respect the act is similar to sect. 1884 of the Code of 1871, and in the case of *Pearson* v. *Johnson,* 54 Miss. 259, a doubt was expressed as to the constitutionality of that section, and the advisability of its amendment was suggested.

Acting on the suggestion, it was amended in sect. 918, of the Code of 1880, by which the obligation of ascertaining the compensation to be paid to the owner is imposed as a precedent duty on those who seek the condemnation of private property. An attentive examination of the subject now, on reason and authority, satisfies us that while the provision of the Code of 1880 is wise, and more salutary as better protecting the rights of the citizen, there is no sound constitutional objection to the course provided in the Code of 1871, and in the special act here involved.

They both provide for actual or constructive notice to the property-holder, afford him opportunity to present his claim for compensation, and prohibit the taking possession or appropriation of his land by the public until his claim has been adjudicated by an impartial tribunal, and the amount found due him been paid or tendered. This, according to all the authorities, is sufficient where the State or any of its subdivisions is concerned.

There are, indeed, many cases which hold that where the State is a party to the proceedings, occupation of the land may precede actual payment or tender, a doctrine which we are by no means prepared to sanction. Wherever, however, due notice has been given, and a fair opportunity afforded to propound the claim for compensation, we see no constitutional objection to an imposition on the owner of the duty of asking it. Cooley's Const. Lim. 560, 561, 562.

The mode of notice provided in this act as to non-residents, to wit, by posting a written notice on the land proposed to be taken, and the time limited for preferring a demand for compensation, to wit, until the next ensuing meeting of the Board of Supervisors, may in some cases operate a great hardship upon those who, in fact, have no actual notice of the proceeding; but we are not now called upon to consider the effect of such perfunctory process and such meagre allowance of time, because the owner here, although a non-resident of the State, knew of the action taken and within the time limited filed this bill.

We would remark that the mode of condemnation provided by the act is substantially the same as that required for the laying out of public roads in the State, and to declare it unconstitutional would render invalid the proceedings had in laying out all our roads through a long series of years in the past. Code 1880, sect. 826; Code 1871, sect. 2339; Code 1857, p. 172, Art. IV.

The act in question authorizes the Board of Supervisors to lease out the landing after it has been established, taking bond and security from the lessee for the due performance of his duty and his faithful compliance with such regulations as the board may adopt, and the constitutionality of this provision is assailed. Since no lease of the landing here sought to be established has been made or attempted, that question is not presented by the record.

Lastly, it is insisted that if the law be constitutional, the proceedings in this case were invalid, because the record fails to show affirmatively that the commissioners appointed by the board to select and report upon a site for the landing were residents of the county and freeholders or householders. The point is not well taken. The court having jurisdiction of the subject-matter by virtue of a constitutional statute, and having obtained jurisdiction of the person in the mode required by the statute, the usual presumption of correctness attaches to its subsequent acts. The case is not like *Allen* v. *Levee Commissioners, ante,* where we refused to apply the presumption of correctness to the action of a sheriff who was authorized to supply vacancies on a jury for assessing damages to land. Being a mere ministerial officer, acting beyond the scope of his ordinary official duty, there could not be attributed to his action, in executing the extraordinary function of selecting and appointing a jury, any of the presumptions which attach to the action of judicial tribunals.

Decree overruling motion to dissolve injunction reversed and cause remanded.