BOARD OF LEVEE COMMISSIONERS FOR THE YAZOO-MISSISSIPPI DELTA

*v.*

KATE DANCY.

1. EMINENT DOMAIN.  *Illegal taking.  Statute barring compensation.  Constitutional law.  Case in judgment.*

In 1884 the Board of Levee Commissioners for the Yazoo-Mississippi Delta caused a levee to be constructed across the plantation of D. without payment of damages for the land thus appropriated.  In March, 1886, the legislature passed an act, which took effect on the 16th of that month, declaring that all such claims for damages then existing against the Board of Levee Commissioners for the Yazoo-Mississippi Delta should be barred unless prosecuted within three months after the passage of that act.  D. instituted proceedings to recover damages for the taking of her land, in August, 1886, and the Board of Levee Commissioners pleaded the statute referred to as a bar to any recovery by her.  To this plea a demurrer was filed, which was sustained by the court below.  *Held*, that the demurrer was properly sustained.  The act of the legislature, providing as the contingency for the divesture of title in such case the failure of the land owner to initiate proceedings to recover compensation within three months (or any other period), was in violation of Article 1, Section 10, of the State Constitution, which provides that "private property shall not be taken for public use except upon due compensation first being made to the owner or owners thereof, in a manner to be provided for by law."

2. SAME.  *Appeal from decision of commissioners to jury.  Scope of inquiry for jury.*

Where a statute, providing for the ascertainment of damages for the taking of private property for public use by the award of commissioners appointed by the Clerk of the Chancery Court, authorizes an "appeal" to a jury of the Chancery Court, without any indication of a purpose to

restrict the meaning of the term, the jury may assess the damages at a greater or less amount than that allowed by the commissioners, whether in favor of or against the party appellant, and whether the appellant be the land owner or the corporation.

3. SAME. *Appeal to Chancery Court. Judgment for damages against surety for costs.*

It is error for the Chancery Court to render judgment against the surety on an appeal bond, given to secure costs of an appeal to such court, from the award of commissioners appointed to assess damages for the taking of private property for public use, for the amount of damages assessed by the jury in that court.

APPEAL from the Chancery Court of De Soto County.

HON. J. G. HALL, Chancellor.

In 1884, the Board of Commissioners of the Yazoo-Mississippi Levee District caused a levee to be constructed across the plantation of Mrs. Kate Dancy, without having compensated her for the land appropriated or having had the same condemned. In August, 1886, Mrs. Dancy presented to the clerk of the Chancery Court an application, under Section 3 of the Act of Feb. 28, 1884, incorporating the Board of Commissioners of the Yazoo-Mississippi Levee District, for the appointment of three disinterested commissioners to assess the damages resulting to her from such construction of the levee. The commissioners were appointed by the sheriff in pursuance of a writ from the clerk, and they assessed the damages in question at $1700.

The Board of Levee Commissioners, under the Act above referred to, appealed to the Chancery Court from the award of damages by the commissioners, and there pleaded in bar of Mrs. Dancy's right of recovery, that she had not instituted her proceedings within three months, as required by an amendment, approved March 16, 1886, to the provisions of an act entitled "An Act to incorporate the Board of Levee Commissioners for the Yazoo-Mississippi Delta, and for other purposes," approved Feb. 28, 1884. The petitioner demurred to this plea on the ground that the provision referred to in such amendment was unconstitutional. This demurrer was sustained. The case was then submitted to a jury, who awarded to Mrs. Dancy damages

in the sum of $3540. The Board of Levee Commissioners therupon moved " the court to pronounce judgment against them for $1700, and interest thereon," the amount of the damages awarded by the three commissioners; because, as Mrs. Dancy did not appeal from the decision of the commissioners, she is bound by their assessment of damages. This motion was overruled, and judgment was rendered for $3540 and costs against the commissioners and the surety on the appeal bond for costs given when the appeal was taken from the decision of the commissioners.

The amendatory act of March 16, 1886, above referred to, provides, in Section 7 thereof, " That all claims that may have already arisen against said board, for damages for right of way, or by reason of the construction, repairing or maintaining of its line of levees on, over or across any lands or premises, shall be barred, and no right of action shall remain or be maintained therefor, unless the same be prosecuted or instituted within three months next after the passage of this act."

*W. P. & J. B. Harris,* for the appellant.

1. The exigencies of the constitutional requirement (Sec. 10, Art. 1) that compensation shall be first made before private property can be taken for public use (the use here being in effect the destruction of it), suggests the necessity of a speedy, summary and inexpensive method of adjusting the compensation, the principal feature of which should be all the promptness of which a fair and deliberate appraisal will admit.

The power to limit the time within which a party may avail himself of provisions for his compensation resides in the legislature. Cooly Court Lein 695–6, and the cases cited in the note, especially *People ex rel. Green* v. *Ry. Co.,* 3 Mich., 496.

This case contains much that is valuable on the question.

The question as to the time allowed here must be considered with reference to the provisions which absolutely protect the land owner, if he sees fit to employ the means provided. There is no way of compelling him to resort to them. *Penrice* v. *Wallace,* 37 Miss., 172.

By some authorities (entitled to be considered) a distinction has been taken, as appears from the citation from Judge

Cooly's book, between cases where the state or a municipal body having the general taxing power for revenue, takes land for public use, and the cases where private corporations take under legislative grant of power. In the first class of cases it is said the land may be taken before payment; in the latter, not. The soundness of this distinction may be doubted. At all events, OUR constitution says it must be first made, and no distinction is made. In the case we have, the Board of Levee Commissioners have no property or recources; no property which can be reached, and it has no power to tax, and the avails of the tax granted are hampered by restrictions.

2. An appeal means in our jurisprudence a retrial as to law and fact as distinguished from *revision* on errors of law assigned, or review. Both parties may appeal. A rule of practice requires that the appeal by both shall be heard at the same time, if the ground of complaint arise at the same time.

The term *de novo* is borrowed from the law of appeals in equity. Powel Appellate Law, 359.

So far as experience teaches, the rule allowing both parties to appeal from the same decree conforms to reason, justice and convenience, as do most of the civil law rules which we have borrowed. If one party alone appeals the other party is not allowed to have any complaint heard, on his adversary's appeal, nor to advance new claims or to exaggerate claims acted on.

The statute now under consideration does not in terms declare what shall be the scope of the appeal. It is of necessity a re-trial on facts (and law, perhaps). It is compatible with this act to restrict the appeal to the party complaining, and to treat the other not complaining as abiding by the former decree.

3. Of course, the Chancellor had no power to make a decree against the surety on the cost bond for the amount of the verdict; and the verdict was palpably excessive.

*W. P. Harris,* for the appellant, argued the case orally.

*Fant & Fant* and *H. C. Watson,* for the appellee.

1. It is respectfully submitted that the amendatory act of 1886, Section 7, page 107, barring all claims unless prosecuted or instituted within three months next after the passage of the act,

to wit, the 16th of March, 1886, is in contravention of the Constitution, and is void, because:

(1.) It is the taking of private property for public use, without due compensation being *first* made to the owner thereof.

(2.) Because three months was not a reasonable time within which to prosecute or institute proceedings to enforce any claim or demand in the premises.

As to the first branch of this proposition it is unnecessary to cite authorities; but that private property cannot be taken for public use except on due compensation *first* being made to the owner *in a manner to be provided by law*, we cite Bill of Rights, Article 1, Section 10.

The time in which to institute proceedings, three months, is not reasonable. The power of the legislature to pass limitation laws is everywhere conceded, but the reasonableness of the time allowed within which claims' may be prosecuted is not a matter wholly of legislative discretion. Where a period of limitation is prescribed, within which rights and claims already in' existence must be asserted, it is of the essence of the statute that it shall afford a reasonable time within which suits shall be brought; failing to do which is in palpable violation of the Constitution, and deprives the citizen of his property without due process of law. *Griffin* v. *McKenzie*, 50 Am. Dec., p. 393, last note; *Price* v. *Hopkin*, 13 Mich., 318; *State* v. *Carew*, 91 Am. Dec., 261.

Thirty days is not a reasonable time. *Berry* v. *Ransdall*, 4 Met., 292. Six months is not a reasonable time. *Pearce Heirs* v. *Patton*, 7 B. Monroe, 168.

Five months is not a reasonable time, and is said to be so short a time that it "shocks the moral sense of mankind as unjust and iniquitous." 5 B. Monroe, 564.

2. The appeal completely vacates and annuls the verdict of the commissioners.

"On appeal, the whole case is examined and tried as if it had not been tried before." Bouvier, vol. 107, title, Appeal.

"An appeal from the award of commissioners or appraisers on the taking of lands by a railroad company opens the whole case as between the parties to the appeal." *Wooster* v. *Sugar River Railroad*, 57 Wisconsin, 311.

" An appeal in admiralty from the District to the Circuit Court in effect vacates the decree of the District Court, and a new trial in all respects, and a new decree, are to be had in the Circuit Court." *The Lucille,* 19 Wallace, U. S., 73.

There is no provision in the statutes of Tennessee as to how appeals from a justice of the peace to the Circuit Court are to be tried, and the statute giving the right to appeal is as follows : " Any person dissatisfied with the judgment of a justice of the peace in any civil action may, within two entire days thereafter, Sundays exclusive, appeal to the next Circuit Court." Code 1871, Section 3140; Code 1880, Section 3856.

Under this statute it has been uniformly held that the trial in the Circuit Court is to be *de novo. Allen* v. *Wood,* 1 Head, 436; *Baker* v. *Allen,* 2 Tenn. (Ov.), 175; note to Section 3140, Code 1871.

So in Indiana it is held : " An appeal from the judgment of a justice of the peace has the effect to vacate the judgment, and brings the case into court for a retrial. The appellate court is not a court of errors." *Britton* v. *Fox,* 39 Ind., 369; see also *Wachstetter* v. *State,* 42 Ind., 166.

An appeal is a process of civil law origin, and removes a cause entirely, subjecting the fact, as well as the law, to review and retrial. *Wiscart* v. *Dauchy,* 3 Dallas, 327.

*J. T. Fant* and *H. C. Watson,* of counsel for the appellee, argued the case orally.

CAMPBELL, J., delivered the opinion of the Court.

In this state " due compensation first being made " is a precedent condition of the appropriation of private property for public use, and whatever may be allowable, " Where the state or any of its sub-divisions is concerned in the appropriation," as held in *Cage* v. *Trager,* 60 Miss., 563, it is not true that the owner may be paid the price of his property by a requirement that he shall initiate proceedings for compensation against a corporation which is not the state or one of its sub-divisions, and against which it is said and truly, no personal judgment can be rendered, but only an award of a sum of money, without execution to enforce it. The land not having been secured before

the building of the levee, the company or the owner might apply for commissioners to determine the sum due the owner; but it was not lawful to substitute for his right to due compensation as the condition of divestiture of title, a right to institute proceedings to get it in three months or any other period of time.

The owner may lose his title by lapse of time long enough to bar its assertion, but cannot be compensated for his property by an opportunity to litigate to secure " due compensation " for it, however long the time allowed him for that.

Obtaining by grant from the owner, or by adverse possession, long enough to bar his claim to the property, or condemning and paying for it, are the only modes of obtaining private property for public use in this state; and no act which devolves on the owner the duty of initiating proceedings for compensation for his property, as the condition of his obtaining it is allowable. He cannot be required to become an actor under the penalty of losing his property and " due compensation " for it, if he shall not. He may enjoy his own, secure under constitutional guaranty, until an inquest by public authority determines that it is required for public use, and fixes the price to be paid him for the sale of it, and this price must be paid or tendered before his right can be divested, and a right to ask for compensation in three months or three years is not a valid substitute for the constitutional right to " due compensation first being made." The objection that the claim for compensation was not made in time is therefore not maintainable.

The appeal from the finding of the commissioners transferred the inquiry as to the sum to the jury for a retrial, and the amount allowed by it might be greater or less than that fixed by the commissioners. This results from an *appeal* given in general terms without any indication of a purpose to restrict the meaning of the term.

We are unwilling to disturb the verdict for excessiveness, as the evidence is very conflicting and much of it supports the verdict.

The judgment against the appellant and surety on the appeal bond for costs is erroneous, and it is reversed and the appropriate entry may be made here.