THEODORE STURGES v. CITY OF MERIDIAN.

[48 South. 620.]

MUNICIPALITIES. *Ditches. Drainage. Prescriptive right.*

> Where a city dug a ditch to drain a certain area of municipal territory and maintained it as originally constructed continuously for more than ten years:—
> *(a)* It thereby obtained the right by prescription to maintain it; but
> *(b)* Did not acquire the right to enlarge the ditch or increase the flow of water through it.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Sturges, appellant, was plaintiff in the court below; the city of Meridian, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Bourdeau & Venable,* for appellant.

This court has declared in the case of the *Board of Levee Commissioners v. Dancy,* 65 Miss. 335, 3 South. 568, that an act of the legislature declaring that all claims for damages then existing against the board of levee commissioners for the Yazoo-Mississippi delta should be barred unless prosecuted within three months after the passage of that act, was unconstitutional as being violative of sec. 17 of the Constitution of the state in that it undertook to substitute a statute or period of limitation in the stead of the payment required by the constitutional provision.

The court will notice that this case was not decided on the reasonableness or unreasonableness of the length of time allowed for the prosecution of claims against the board, but the

decision rests upon the broad ground that the mere passage of time cannot be substituted for the compensation demanded and commanded by the constitutional provision under discussion. This is what the *Dancy case* (*supra*), really holds. If it be argued that the case went off on the proposition that the compensation was not first made, we reply that the constitutional provision not only requires that compensation shall be first made, but also with equal force of terms, requires that there shall be compensation. In the language of the court "Dancy was not divested of his property but could enjoy his own, secure under constitutional guaranty, until an inquest by public authority determines that it is required for public use, and fixes the price to be paid to him for the sale of it, and this must be paid or tendered before his right can be divested, and a right to ask for compensation in three months or three years is not a valid substitute for the constitutional right to due compensation first being made." The objection that the claim for compensation was not made in time is therefore not maintainable. There is nothing in the case of *Gage v. Trager*, 60 Miss. 563, contrary to the position that the passage of time under a statute of limitation is not a valid substitute for payment. This case does not hold that if Trager had failed to take any action whatsoever, he would be barred from seeking compensation for the property taken from him for the use and benefit of the public. The case holds that where a state or any of its subdivisions is a party seeking to appropriate the private property of the citizen it may, upon notice given, require the citizen whose property is taken for the public use to propound his claim.

The court will fail to find in the records any testimony tending to show that defendant city ever gave notice to plaintiff to propound his claim for damages. The *Trager case* does not hold that without giving an opportunity to propound a claim for damages or notice to appear, any agency could calmly confiscate a citizen's property for the benefit of the public, and

when he should finally ask that he be compensated, pay him in "passing hours."

In the *Dancy case* we have a special statute of limitations passed by the legislature and sought to be invoked. That the legislature has the power to pass special and general laws of limitation is undoubted. *Nash v. Fletcher,* 44 Miss. 609; *Madden v. Lancaster County,* 65 Fed. 188.

We conclude, therefore, that the passage of the time under a statute of limitation as such, cannot take the place of, or be substituted for, the compensation required by the Constitution. A distinction seems to be taken between a statute of limitation as such which bars the remedy and a prescription which confers a right.

It is manifest from the record that the municipality claims a prescriptive right to maintain this open drain through appellant's property and it is equally manifest that the learned court accepted this view and that counsel for the city and the court failed to make any distinction between a ditch two or two and a half feet wide, as it was originally cut and used, and one eight or ten feet wide, as it now is. The learned trial court also failed to distinguish between the right to divert down said open drain a small quantity of water, from a restricted area, and the right to use said drain for a great volume of water from a large territory.

Assuming that the city has acquired some rights by long adverse user, what is the measure, nature and extent of those rights? Can the city take of appellant's land two feet for an open drain and then from year to year widen and deepen said drain until at the expiration of ten years the drain is eight or ten feet wide, and then claim that it has acquired the prescriptive right to use the entire eight or ten feet? Can the municipality having acquired the prescriptive right to use a drain for a small quantity of water, materially increase the volume of water and incur no liability?

We submit that a right acquired by prescription is co-extensive and commensurate with what was actually used and enjoyed for the full period of time. The right gained by prescription is always confined to the right as exercised for the full period of time required, which in this state is ten years; that is, if the municipality, by long user, acquired a right to use an open drain two or three feet wide for a small quantity of water. This right is limited to this actual user and it requires the same length of time for the city to acquire materially different rights by prescription as it did in the first instance; and if the city materially increases the volume of water or makes the ditch wider or deeper, this does not enlarge the city's rights, but is a new and actual invasion of plaintiff's rights and gives rise to a cause of action at any time before the new, enlarged or additional user has ripened into a prescriptive right and time is reckoned from the date of the new, additional or enlarged user and not from the original taking. *Boynton v. Longley,* 3 Am. St. Rep. 781; *Dudgeon v. Bronson,* 95 Am. St. Rep. 315; *Rountree v. Brantley,* 73 Am. Dec. 470; *Wright v. Moore,* 82 Am. Dec. 731; 22 Am. & Eng. Enc. Law (2d ed.) 1214, 1215, and numerous cases therein cited; *Mississippi Mills v. Smith,* 69 Miss. 299, 11 South. 26.

*Williamson & Gilbert,* for appellee.

The plaintiff below proved no recoverable damages. The proof only estimates the value of the property with and without the ditch. If he ever had a cause of action, for that item of damage, it occurred at the time the ditch was cut. So far as the testimony shows that the washing out, or the enlargement of the ditch from caving or other causes, in no way caused the damage or depreciation of the value of the property, which from appellant's own evidence, was caused from the fact that the ditch existed, and was not a result from its increased dimensions.

Learned counsel for appellant seemed to appreciate this dis-

crepancy in their proof and insists that appellant is entitled to nominal damages. We say not, and if for no other reason, because appellant's right of action was barred at the time the suit was begun.

They also insist on an enlarged user as a relief from appellee's prescriptive right, in that, more water has been turned in the ditch within the last six years, and because the street commissioner, some time ago in 1907, cleared the ditch of obstructions. We do not care to answer that contention further than to say: That the record will disclose that water has been diverted from the ditch, from time to time, instead of into it, and since the city had adopted the ditch as a drain or rather as a watercourse, as it seems to be from the evidence, it became its duty to remove the obstructions and so repair the ditch that it could contain and carry the water. If it had failed in this important duty it owed appellant, he would have had a meritorious cause of action had he been damaged thereby.

FLETCHER, J., delivered the opinion of the court.

In this suit, instituted by a property owner against the city to recover damages caused by the digging of a ditch near the property, by which ready and convenient access is denied, it was conclusively shown that the ditch was dug much more than ten years before the suit was instituted, and that continuously from the time of its construction it was used by the city to carry off the water falling upon certain area of the city. This being conceded, we think the circuit court held correctly that the city has obtained the right by prescription to maintain the ditch as originally constructed. We cannot give to the case of *Levee Commissioners v. Dancy*, 65 Miss. 335, 3 South. 568, the construction contended for; that is to say, that section 17 of the Constitution of 1890 makes it impossible for an individual to lose, by lapse of time, his right to claim compensation for property taken or damaged for public use. That case distinctly recognizes and emphatically states that private property may be ob-

tained for public use by adverse possession long enough to bar the owner's claim for compensation.

But there was some evidence in this case which showed that shortly before the suit was instituted this ditch had been enlarged by the city, and that in comparatively recent times there had been a substantial increase in the volume of water made to flow through this channel, by reason of which the ditch was increased in size, so that the value of adjacent property was there by additionally impaired. It is clear that, because the city had secured by prescription the right to run a certain amount of water through a ditch of given dimensions, it does not thereby secure the right to enlarge this ditch either by actual excavation or through the medium of a largely increased flow of water. This view finds support in the case of *Mississippi Mills v. Smith,* 69 Miss. 299, 11 South. 26, 30 Am. St. Rep. 546, where it is said: "The courts hold that the right secured by prescription is limited by the character and extent of that exercised during the period of prescription, and that for any increase causing material injury an action can be brought." This view, we feel sure, is without dissent in the authorities. It will not do to say that no substantial damages have been shown, due to the enlargment of the ditch. The record contradicts this assertion, and it was peculiarly for the jury to say what extent the damages proven are attributable to such increase.

The peremptory instruction for the city should not have been given, and for the error in doing so the judgment is *reversed* and cause *remanded.*