Benton M. Wesley v. Native Lumber Company et al.

[53 South. 346.]

Torts. *Malicious injury to business. Corporation ordering its employes not to trade with plaintiff. Liability.*

Where plaintiff owned and operated a retail store patronized by
defendant's employes until the defendant corporation, with a malicious purpose to injure plaintiff, ordered them, on pain of dismissal from its service, not to patronize him longer, thereby
damaging him, an action for damages will lie in plaintiff's favor
against defendant.

From the circuit court of Harrison county.

James H. Neville, Special Judge.

Wesley, appellant, was plaintiff in the court below; the lumber company and another, appellees, were defendants there.
From a judgment sustaining the defendant's demurrer to the
declaration and dismissing the suit, the plaintiff appealed to
the supreme court.

Appellant, Wesley, sued the appellees, Native Lumber Company, a corporation under the laws of this state, and its manager,
Thos. A. Gause, for damages for willfully and maliciously injuring and destroying his mercantile and barber business. A
demurrer to the declaration was sustained, and the suit dismissed, from which judgment this appeal is prosecuted.

The two counts in the declaration are in all respects the
same, except as to the business charged to have been injured
and destroyed; one being that of a merchant, and the other that
of a barber. The first count is as follows:

"Benton M. Wesley, a resident of Harrison county, Mississippi, plaintiff, by his attorney, complains of the Native Lumber
Company, a corporation incorporated under the laws of the state
of Mississippi and domiciled at Howison, Harrison county, Mississippi, and Thos. A. Gause, a resident of Howison, Harrison

county, Mississippi, in an action of trespass on the case: For that, whereas, the plaintiff, Benton M. Wesley, was, on or about the 1st day of February A. D. 1909, engaged in the mercantile business at Howison, Harrison county, Mississippi, and has continued to carry on a retail mercantile business at Howison, Mississippi, since on or about the 1st day of February, 1909, until the present time, and that his customers were the citizens residing and living around the village of Howison, Harrison county, Mississippi, who patronized his store and bought their goods, wares, and merchandise of various kinds from plaintiff, whereby plaintiff was enabled to sell his goods at a good profit, and make a support for himself and family, and pay his bills as the same became due and payable. That the Native Lumber Company was and is now a corporation under the laws of Mississippi, domiciled at Howison, and was and is engaged in the lumber business, operating a sawmill and logging railroad and employing a large number of laborers, who were customers of plaintiff in his mercantile business. That Thos. A. Gause was and is now employed as manager of the said Native Lumber Company, and is engaged in its service in carrying on said business, and that on or about the 1st day of February, 1909, and continuously since that date, the said Native Lumber Company and the said Thos. A. Gause conspired and with malice aforethought connived for the express purpose of injuring plaintiff in his business, forbid any of the large number of the employes, then engaged in operating the sawmills, lumber and logging business of the defendant corporation, at Howison, Mississippi, from patronizing said plaintiff's store or buying wares, merchandise, or goods from plaintiff, and forbid plaintiff from soliciting trade from said employes, thereby intending to injure the business and earning of plaintiff, and did notify said employes that if they patronized plaintiff, Benton M. Wesley, that they would be discharged from their employ, and that thereafter, in pursuance of said threat, defendants

did discharge a number of said employes from their employ, because the said employes continued to patronize plaintiff's store, the said defendants then willfully and maliciously intending to injure plaintiff in said business by said unlawful acts, and that by reason of said arbitrary, fraudulent, and willful conduct on the part of the said Native Lumber Company and said Thos. A. Gause, plaintiff lost customers whose trade had been worth prior to said date, and would have continued to have been worth, to plaintiff at least nine dollars per week clear profit. Wherefore plaintiff was then and there, on or about the 1st day of February, 1909, injured, and has continued to be injured, and is yet and still continues to be injured, at the rate of at least nine dollars per week actual loss on profit on trades to the divers and sundry employes of the said Native Lumber Company, who were his customers in business and who would have continued to be his customers, except for the aforesaid conduct of said defendants. Wherefore plaintiff is greatly damaged by defendants' wrongful conduct, in the sum of $5,000, for which he brings this suit and demands judgment."

*T. M. Evans,* for appellant.

The demurrer in this case admits that the wrongs and in the direct cause. It cannot be said that no action lies as is injure plaintiff; and the demurrer further admits that the plaintiff was injured by said wrong in the sum of at least nine dollars per week under the first lount and at least nine dollars per week under the second count. No right of action could accrue to plaintiff against his customers because there was no contract existing between them, yet the demurrer admits the injury and the direct cause. It cannot be set up that no action lies as is insisted by appellees because the appellees had tne right to discharge the employes. This suit is not an action to recover damages for the wrongful discharge of anybody, the discharge or threat to discharge being only an incident. Such threat is only

an expression of the means used to prevent the appellant from selling his goods, wares and merchandise, or more properly speaking, to prevent the employes who were appellant's customers from buying plaintiff's goods, wares and merchandise. There is no complaint that appellee's employes were injured. The complaint is that appellant was injured by the loss of trade from people with whom he had no contractural relation, and against whom he can claim no damage; that the damage was caused by appellee's wilfull and malicious act, done expressly for the purpose of injuring plaintiff in his business and which is admitted by the demurrer.

Howison is a mill town on the Gulf & Ship Island Railroad, and, like all other mill towns is populated almost entirely by the or threat to discharge being only an incident, such threat is only employes of the mills, in this instance owned by the Native Lumber Company; and like all other mill towns, affords scant employment or means of support for others than the employes of the mill. To hold that a mill company has a right to deny its employes the right to trade with and buy their family supplies from whomsoever they please and to forbid any other person from soliciting the patronage of their employes and selling goods and merchandise to their employes is to defy the constitution of the state of Mississippi and deny the people the benefits of competition in trade and indirectly deny the citizens of this state the right to carry on their business in a legitimate way without the consent of the corporation or individual employing the masses of people. *Vegelhan v. Guntner,* 35 L. R. A. 722; *Com. v. Perry,* 155 Mass. 117, 14 L. R. A. 325; *People v. Gillison,* 109 N. Y. 389; *Braceville Coal Co. v. People,* 147 Ill. 71, 22 L. R. A. 340; *Ritchie v. People,* 155 Ill. 98; *Lowe v. Rees Printing Co.,* 41 Neb. 127.

Appellant had a right to sell his goods to whomsoever he pleased willing to buy them. The threat on the part of appellee to discharge its employes if they traded with appellant was an

unlawful interference with appellant's business.  *Hawarden v. Youghiogeny, etc., Co.,* 55 L. R. A. 826.

The Native Lumber Company is incorporated under the laws of Mississippi and authorized under its charter to carry on a timber business; but at this time it is alleged in the declaration, and so admitted in the demurrer, to be engaged wilfully, maliciously and with malice aforethought in injuring the trade and business of Wesley by forbidding the large number of employes the privilege of buying their goods from appellant, under the penalty of being discharged, and this for the express purpose on injuring plaintiff's business.  This certainly makes a condition of affairs entitling appellant to redress in law. *Carew v. Rutherford,* 8 Am. Rep. 287; *Ertz v. Produce, etc., Co.,* 48 L. R. A. 90; *Doremus v. Hennessy,* 43 L. R. A. 797; *Boutwell v. Marr,* 43 L. R. A. 803.

*Ford, White & Ford,* for appellees.

If the Native Lumber Company had the right to discharge its employes without committing an actionable wrong, then it had the right to discharge its employes because the employes transacted business with the appellant, without bringing on itself a right of action for damages therefor.  *Bourlier v. Macauley,* 91 Ky. 135, 34 Am. St. Rep. 171; *Allen v. Flood* (England), A. C. 1; *Perrault v. Gauthier,* 28 Canada Sup. Ct. 241; *Boyson v. Thorn,* 98 Cal. 578; *Perkins v. Pendleton,* 90 Me. 166, 60 Am. St. Rep. 252; *Heywood v. Tillson,* 75 Me. 225, 46 Am. Rep. 373; *Bohn Mfg. Co. v. Hollis,* 54 Minn. 223; *Glencoe Land Co. v. Hudson Co.* (Mo.), 60 Am. St. Rep. 560; *Payne v. Western, etc., Tel. Co.* (Tenn.), 49 Am. Rep. 666.

It is not charged in the declaration that the appellees, in committing the acts of which the appellant complains, were guilty of any statutory misdemeanors, nor that violence was either used or threatened, nor is it shown that either fraud or

libel was resorted to; but if this declaration be sustained at all it will have to be sustained on the allegation that the appellees "used threats and acted maliciously." When the declaration is searched further to ascertain what threats or intimidations were used, we find that they were not threats of personal violence, which would have been unlawful, but they were threats to dis-charge from its service any employee of the appellee company who should trade with, or patronize the barber shop of appel-lant. This is merely the threat, or carrying out of a threat of a perfectly lawful act, and an actionable wrong does not accrue from the commission of a lawful thing. The phrase "malicious act" has two meanings: In its legal sense, it means wrongful and unlawful; in its popular sense, it means an act springing from ill-will or hatred. When the text writers say that a right of action accrues on account of the committing of a "malicious act," they do not mean that these words shall be taken in the popular sense, but they mean to give them their legal signifi-cance. Appellant shows clearly in his declaration that the words "malicious act" are used in the popular sense, and he further discloses the nature and character of the "malicious act" which is referred to in the declaration; and it abundantly appears that that act referred to was not a legal wrong, but the exercise of an undoubted right.

The cases cited by appellant are authoritative for the propo-sition that an action accrues to a person damaged on account of malicious interference with his business relations with other persons where violence was used, or threatened, or a statutory misdemeanor was committed, or where fraud, duress or libel were resorted to, and are therefor inapplicable to this case, for the reason that none of those elements appear in this case. The Native Lumber Company, through it manager, Gauze, simply made as a condition to employment of any of its employes that they should not trade with appellant, nor patronize his barber

shop, and this it had a perfect right to do, unless freedom of contract shall be denied to appellees. The act committed by appellees was within their right and in no sense an illegal act.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

In *Globe & Rutgers Life Ins. Co. v. Firemen's Fund Fire Ins. Co., ante* 148, 52 South. 454, this court has set at rest in this state the question whether an act, legal in itself, may become illegal, and a ground of action, when accompanied with the malicious purpose to injure the business of another, resulting in such injury—holding the affirmative. The doctrine announced in *Payne v. Western, etc., Ry. Co.,* 13 Lea (Tenn.) 507, 49 Am. Rep. 666, is in conflict with the better-reasoned authorities, and in our judgment unsound. It is true a person has the right to refuse to have business relations with any person whomsoever, whether his refusal is the result of caprice or malice, without laying himself liable to action therefor; but he cannot, from such motives, influence others to the same course, for the purpose of injuring the business of such other. The act and the accompanying motive together constitute the unlawful act. We approve the doctrine declared in *Graham v. St. Charles R. Co.,* 47 La. Ann. 214, 16 South. 806, 27 L. R. A. 416, 49 Am. St. Rep. 366, and other cases along the same line, which are collated (as well as those in conflict) in the notes to *Passaic Print Works v. Ely & Walker Dry Goods Co.,* 62 L. R. A. 707–710.

The court below, therefore, erred in sustaining the demurrer to the declaration and dismissing the suit.

*Reversed and remanded.*