CITY OF WEST POINT *v.* WOMACK.

(Division A. May 17, 1937.)

[174 So. 241. No. 32673.]

Thos. **J. Tubb,** of West Point, for appellant.

810

B. H. **Loving** and **Frank A. Critz**, of West Point, for appellee.

Argued orally by **Thos. J. Tubb**, for appellant.

**Cook, J.**, delivered the opinion of the court.

Appellee instituted this suit in the circuit court of Clay county against the City of West Point, seeking to recover damages alleged to have been sustained by him by reason of the emptying of sewage from an open mouth sewer onto the land of appellee and into an open ditch or creek flowing through and adjacent to lands of the appellee, which constitute his homestead. There was a verdict and judgment in favor of appellee for $500, from which the city prosecuted this appeal.

In the year 1915, the owner of block 149 in the City of West Point, which block contained about 49 acres, by warranty deed, conveyed to the City of West Point a strip of land through said block 30 feet wide and 1,030 feet long, the center line of this 30-foot strip being described as the center of a creek flowing the entire length of the strip. By mesne conveyances, the title to the said block 149 passed to the appellee in the year 1922, the

deed to appellee containing an exception of "the right of way for sewage through said land of the City of West Point."

Shortly after it acquired this strip of land in 1915, the appellant constructed an 8-inch sewer line into the said block 149 with an open outlet emptying into the said ditch about 3 feet north of the line of the strip of land which it had acquired by purchase. At that time, and at all times thereafter until about 1930, there was an open artesian well flowing into this ditch at or near the mouth of the sewer, which caused the sewage to be diluted and carried away, so that there was no resulting damages or inconvenience to the adjacent property owner from offensive odors. About the year 1929 or 1930, there were many new residences constructed and connected with this sewer line, thereby greatly increasing the volume of sewage passing out of the sewer, and also about that time the open flowing artesian well, which had previously flowed into this ditch by the outlet of the sewer, failed entirely, and thereafter, according to the evidence, the sewage accumulating in the ditch from the mouth of the sewer southward became so offensive on account of nauseating odors therefrom, especially in dry weather, as to constitute a public nuisance, and to greatly damage the appellee in the use and enjoyment of his home.

The minutes of the board of mayor and selectmen of the City of West Point bearing upon the question of the purchase of the strip of land in block 149, and the contract for the construction of said sewer line, were offered in evidence. So far as these minutes bear upon the purchase of the land from the then owner, they merely show the appointment of a committee to secure a dumping ground for sewage, an order for the purchase of a strip of land "running from the end of the proposed sewer line north following the sewer line 1,030 feet to the public road, price to be paid $600.00," and the recommen-

dation of the city attorneys that the purchase price be paid upon the delivery of the deed. This deed was a mere conveyance to the city of a fee-simple title to the 30-foot strip of land through the said block, which grant conferred only the right to use the land so acquired for any proper and legitimate purposes, with the limitation that the use of the same should not be of such nature as to unreasonably damage and injure the adjacent landowner or the general public by the creation and maintenance of a nuisance or otherwise. This view was embodied in the several instructions granted the appellee, and particularly in the instruction numbered 8.

It is contended, however, that the city has secured by prescription the right to maintain its sewer outlet as now constructed and used. A right secured by prescription is limited by the character and extent of that exercised during the period of prescription. Mississippi Mills Co. v. Smith, 69 Miss. 299, 11 So. 26, 30 Am. St. Rep. 546; Sturges v. City of Meridian, 95 Miss. 35, 48 So. 620. This sewer line and outlet were constructed during the year 1915, and for about fifteen years thereafter were maintained and used in connection with an open artesian well which flowed a constant stream of water of sufficient volume to cause the sewage to be diluted and carried away without causing any damage or inconvenience to the adjacent landowner. The only prescriptive right acquired by the city during that period was the right to maintain and use the sewer in the manner and to the extent exercised for the prescriptive period. The evidence shows that about the year 1929 the artesian well ceased to flow entirely, and about the same time the volume of sewage flowing out of the sewer was largely increased by reason of many new residences being constructed and connected with the sewer line, and immediately thereafter damage and injury to the adjacent landowner became apparent, and proper complaints were registered with the city authorities. The

appellant acquired no prescriptive right to maintain and use this sewer and outlet in the manner and to the extent shown to exist at the time of the filing of this suit in the year 1934. We think the judgment of the court below is manifestly correct and should be affirmed.

Affirmed.