CITY OF MERIDIAN *v.* TINGLE

No. 39835 January 3, 1956 84 So. 2d 389

*Dunn & Singley,* Meridian, for appellant.

*Nate S. Williamson,* Meridian, for appellee.

ROBERDS, P. J.

Tingle, the appellee, brought this action against the municipality of Meridian, Mississippi, to recover special damages he claimed resulted to him from the maintenance by said City of a public nuisance. He asserted in his declaration that during the year 1950 and to September 1, 1953, he and his family resided a short distance from Sowashee and Okatibbee Creeks in Lauderdale County, Mississippi; that he was the owner of 106 acres of land, consisting of two adjoining tracts, one of 40 acres and the other 66 acres, through and across which ran said two creeks; that said City emptied its sewage into Sowashee Creek and thence into Okatibbee Creek in such manner and under such conditions as to cause foul and obnoxious odors affecting the comfort and health of himself and family; that stock and cattle could not drink water from said streams; that no life could exist therein; that conditions were such as to constitute a public nuisance, as a result of which he and his family and his property had suffered large special damages.

The City admitted it emptied the sewage of the municipality into said two creeks but said it had a prescriptive right so to do and that this was not done in such manner as to constitute a nuisance. The jury returned a verdict for plaintiff in the sum of five thousand dollars; judgment was entered accordingly, and the City appeals here.

Tingle obtained a number of instructions which, after setting out facts which if believed by the jury would justify a verdict for plaintiff, ended with the phrase" * * * providing you further believe the City has not ac-

quired the right by prescription to empty said sewerage". The City says this submitted to the jury the question whether it had acquired the prescriptive right to empty its sewage into said creeks when, under the proof here, there is no question that the City did have that right. The proof does establish the right in the City to do that. However, we think the use of the quoted phrase in the instructions is not reversible error for these reasons:

First, the evidence amply supports the verdict of the jury that the method and manner used by the City in disposing of its sewage constituted a public nuisance, and the municipality could not acquire by prescription the right to maintain such nuisance. 63 C. J. S., page 268, Sec. 880, and page 282 Sec. 885.

Second, the City did not request the trial judge to peremptorily instruct the jury that the City had acquired by prescription the bare right to empty its sewage into Sowashee Creek if done in such manner as not to constitute a public nuisance.

Third, the defendant City asked for and obtained an instruction telling the jury that it could not render a verdict against the City unless the jury believed from the evidence "the City has materially increased the amount of sanitary sewerage emptied into Sowashee Creek within ten years prior to September 1, 1953".

Fourth, plaintiff himself obtained an instruction recognizing the rule that the right secured by prescription is limited by the character and extent of that exercised during the period of prescription and that Tingle's right of recovery, if any, had to result from the increased user over and above the prescriptive right the City had acquired. Sturgis v. City of Meridian, 95 Miss. 35, 48 So. 620; Mississippi Mills Co. v. Smith, 69 Miss. 299, 11 So. 26; City of West Point v. Womack, 178 Miss. 808, 174 So. 241.

■ ■ While under the evidence here the quoted phrase should not have been included within the instructions of plaintiff, we cannot see how such inclusion resulted in harm to the City under the circumstances of this case.

The testimony shows that Flintkote, an industrial plant, emptied its refuse through an open ditch into Sowashee Creek. A witness for Tingle testified that the week before the trial he obtained from that ditch a bottle of water. The City offered that sample of water in evidence. The trial judge excluded it as evidence. The City says this was reversible error. We do not think so. The sample was obtained just a few days before the trial. The period covered by this suit was the year 1950 to September 1, 1953. The sample of waste matter in question was taken in October, 1954. Its similarity to the waste matter in that ditch as it existed during the period covered by this suit was shown by the following question to, and answer given by, the witness Howell: "Q. Now, was the sample of the waste material or waste products that you took out of the Flintkote ditch last week similar in content, smell, and appearance to that that you observed during the years 1950-51-52-53, sir? A. It was, sir."

■ ■ It is seen that, as proof of the nature and character of the waste matter in the Flintkote private ditch during the period covered by this suit, this evidence is vague and indefinite. The witness said the sample exhibited was "similar" to the waste back in 1950 to 1953. While the trial judge might have admitted this sample in evidence it certainly was not reversible error for him not to do so, especially in view of the fact that a number of other witnesses did describe, in detail, the nature of the waste material discharged by the Flintkote plant during the period covered by this suit, and the court instructed the jury it could only assess against the City the damage, if any, occasioned by the wrong-

ful acts of the municipality—not damages which might have resulted from the wrongful acts of any other person or persons.

It was shown that Tingle, the plaintiff, during the period covered by this suit, did not have the legal title to 40 acres of the 106 acres of land claimed herein to have been damaged by the City. He had deeded the land to a brother, who re-deeded it to plaintiff in October, 1953. The brother, as grantee, paid no consideration for the deed and Tingle, the plaintiff, remained in possession and had exclusive use and control of and was entitled to all income, if any, from, the 40 acres during the period covered by this action. The defendant municipality requested the court to exclude from consideration by the jury all damages, if any, to said 40 acres, which request the court refused. The City urges that as reversible error.

We have given the contention serious consideration, but we do not think the action of the court was error—certainly not reversible error—for these reasons:

There was no issue as to ownership of the 40 acres made by the pleadings. The declaration alleged that plaintiff was the owner of the 40 acres and in possession and control thereof, and the answer did not deny that allegation. Southern Pine Electric Power Assn. v. Denson, 214 Miss. 397, 57 So. 2d 859.

Plaintiff sued for the value of loss of use of his land and also depreciation in the market value thereof, as well as for special damage resulting from personal inconvenience and danger to the health of himself and family from obnoxious odors and unhealthful conditions brought about by the creation and maintenance by the City of a public nuisance. It is undisputed plaintiff had the possession and use of the 40 acres. The depreciation in value of such use was properly an element of damage for consideration by the jury. There was no proof as to depreciation in the market value of

the land and the court, at request of the City, instructed the jury it could not take into consideration, in arriving at the damage, any such depreciation. That met the situation.

Affirmed.

*Lee, Holmes, Arrington* and *Ethridge,* JJ., concur.