CITY OF OXFORD *v.* SPEARS

No. 40198 June 11, 1956 87 So. 2d 914

434

J. W. Price, Oxford, for appellant.

*Fant & Bush,* Holly Springs; *Dale & Wilson,* Prentiss, for appellee.

Gillespie, J.

The most important question presented by this appeal is whether loss of profits is a proper element of damage for the pollution of a water course running through plaintiff's land, rendering the water unfit for plaintiff's cattle to drink.

Appellant, City of Oxford, was sued by appellee for damages alleged to have been sustained in the six years next before suit was filed. Appellee alleged appellant maintained a nuisance by discharging raw sewage into a water course that ran through appellee's land; that the water of the stream was rendered unfit for cattle to drink. It was also charged that offensive odors pervaded appellee's farm and his home thereon situated. Damages were claimed for loss of profits resulting from appellee being forced to go out of the cattle business and for offensive odors.

The proof justified the jury in finding the facts as next stated. Appellee purchased 153 acres of land in 1933. The north boundary of appellee's land is the southern city limits of the City of Oxford. Burney's Branch runs diagonally across appellee's land for a distance of about one-half mile. This stream never runs dry. When appellee bought the property, this was a clear stream carrying

pure water. The first appellee noticed that the water was contaminated from sewage was before World War II. After that, the contamination got worse from year to year. Since appellee bought the property, the sewerage outfall has been changed three times, each time bringing the outlet closer to his property, and within the year the suit was filed, the outfall was moved to the north property line of appellee's land. Beginning about 1947, there has been a large increase in the amount of the flow of sewage into Burney's Branch by reason of the growth of the city in the area served by the sewerage system emptying therein, and the amount has increased each year. At least a part of the time during the six years preceding the filing of this suit, the sewage about equalled in volume the amount of water flowing in the creek. The water was rendered unfit for cattle. The minimum health and safety requirements when raw sewage is emptied into a stream is that the volume of water in the stream should be twenty times the volume of sewage. The odors from the sewage were offensive in the areas near the branch, and were noticable upon the hill where appellee lived and operated a store. It was especially bad when he was working in the fields near the branch in hot weather.

██ █ The evidence was ample to justify a finding that appellant created and maintained a nuisance during the six years prior to the filing of this suit, and that appellee was entitled to damages therefor.

██ █ Appellant requested an instruction that plaintiff was not entitled to recover any damages because of the death of any of his cattle. Considered in the light most favorable to appellee, the evidence was sufficient only to show a possiblity that two or more of appellee's cows died from drinking contaminated water. Appellant was entitled to the instruction under the proof of the case.

Appellant requested and was refused an instruction that told the jury plaintiff was not entitled to recover

any damages for loss of profits in the operation of his cattle business. This action of the lower court is assigned as error. It would not serve any useful purpose to consider whether appellee's proof was sufficient to establish loss of profits in connection with his cattle business which he says he had to abandon as a result of the pollution of the stream. Loss of profits is not the proper measure or element of damage for pollution of a water course.

The rule is well settled by the authorities generally that if, by reason of conduct of the defendant in maintaining a nuisance by polluting a stream, the land is rendered unfit or less valuable for use as a pasture, or other purposes for which it is adapted with the stream running through it unpolluted, in the absence of other items of special damages, the measure of damages of the owner of the land is the diminution of the market value of the property if the injury is of a permanent nature, or the diminution in the rental or usable value if the injury is of a temporary nature. Southland Co. v. Aaron, 221 Miss. 59, 72 So. 2d 161; Southland Co. v. Aaron, 80 So. 2d 823; 56 Am. Jur., Waters, Sec. 422; 66 C.J.S., Nuisances, Sec. 175. Cf. The Great Atlantic & Pacific Tea Company v. Mulholland, 84 So. 2d 504.

In addition, the landowner is entitled to recover such special damages as he may be able to prove. These special or incidental damages are elements of damage separate, distinct, and independent of the depreciation of the value of the property or of the depreciation of the rental or usable value of the property. Included in the category of special or incidental damages are annoyance, discomfort, inconvenience, and sickness. 66 C.J.S., Nuisances, Sec. 175, p. 979. There may be others.

The proof did not establish permanent damage to appellee's land. It showed an abatable nuisance. Damages, therefore, should be limited to depreciation of the rental or usable value of the land for the six-year period

ending with the filing of the suit, plus any special or incidental damages sustained and proven.

██ █ Appellant complains of an instruction to the effect that the jury could not award appellant damages on its counterclaim. Appellant filed a counterclaim demanding $50,000.00. It charged that appellee had fenced a certain tract of land owned by appellant, and since 1933 used said tract of land as a hog lot and contaminated the land with animals to the damage of the City. This assignment fails for two reasons: (1) The counterclaim did not arise out of, and was not connected with, the situation, occasion, transaction, contract, or subject matter upon which the plaintiff's action was based; the counterclaim should have been stricken; it was not germane to the main action; Sec. 1483.5, Mississippi Code of 1942. (2) Appellant failed to show any damages for which appellee was responsible.

 █ Appellant was given an instruction to the effect that appellant could acquire an easement to discharge sewage into Burney's Branch by doing so for a period of ten years, and limited plaintiff's recovery for such use to the extent of the increase over the use made during the prescriptive period. Since this case was tried below, we have decided City of Meridian v. Tingle, 84 So. 2d 388, in which we said that a municipality could not acquire by prescription the right to maintain such nuisance. The proof was ample to support a finding that during the period involved the pollution of Burney's Branch was such as to amount to a nuisance, and it was error to give an instruction which, in effect, told the jury that appellant could obtain a prescriptive right to maintain a nuisance. This question was not made an issue on this appeal and this observation is made for the reason that this case must be retried.

For the reasons stated, the judgment is affirmed as to liability and reversed on the question of damages, and remanded for a new trial on the issue of damages only.

Affirmed as to liability: reversed and remanded for new trial on the issue of damages only.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.