Irby, et ux. *v.* Citizens National Bank of Meridian.

No. 41403 May 30, 1960 121 So. 2d 119

*deQuincy V. Sutton,* Meridian, for appellants.

*J. V. Gipson, Wilbourn, Wilbourn & Lord,* Meridian, for appellee.

ETHRIDGE, J.

This suit was brought in the Circuit Court of Lauderdale County, by the bank against appellants on a promissory note in the sum of $18,323.93, dated October 5, 1956. After trial, the court directed a verdict and judgment for the plaintiff for $24,123.78, including interest and attorney's fees. The principal issue pertains to the sufficiency of a counterclaim attempting to charge malicious interference with the business relations of another.

Appellants contend the note was not admitted in evidence, but the record does not support that assertion. At the beginning of plaintiff's case, its lawyer offered the note in evidence as Exhibit 1. The court overruled defendants' objection. A fair interpretation of the context of that part of the trial reflects that the note was admitted into evidence as plaintiff's Exhibit 1. The reporter's transcript shows the note was so marked. Moreover, defendants' counsel at various points in the interrogation of witnesses referred to this note as Exhibit 1. Defendants admitted they signed the instrument, and had paid nothing on it. They did not show a failure of consideration. With the note in evidence, and appellants' admission of its execution, their defense, if any, in this action for judgment on the note necessarily would have to be related to matters raised principally by counterclaim, concerning which subsequent reference will be made.

Appellants argue there was no evidence to support that part of the judgment in the amount of $3,002.39 as an attorney's fee. A member in good standing of the Lauderdale County bar testified in some detail as to the recognized and accepted minimum fee schedule in that county, with reference to a collection fee and a suit fee. This evidence was undisputed, and the circuit judge, who no doubt was equally familiar with accepted professional practice in that county, found that the stated

amount represented a reasonable attorney's fee. Hence there is no merit in this contention.

There was a considerable amount of pleading. Defendants filed a counterclaim, which sought damages from the bank because of an alleged wrongful interference with certain business contracts which Irby, a pipeline contractor, had made in Louisiana. It was charged that the bank had advised a Shreveport bank that Irby was in poor financial condition. As a result that bank required Irby to pay it a loan made to Irby, and he was thereby deprived of his working capital and had to abandon his Louisiana construction contracts. The counterclaim alleged other collateral damages resulting from this communication by the cross-defendant with the Louisiana bank, and sought substantial damages. The cross-defendant demurred to the counterclaim, the demurrer was sustained and the counterclaim dismissed. There was no error in this action, for two reasons.

 Malicious interference with business relations of another is an actionable tort. 30 Am. Jur., Interference, Secs. 43-53. 30 Am. Jur., Ibid., Sec. 55 concisely outlines the essentials which one asking such recovery must allege and prove: "In an action for damages for procuring breach of a contract, the plaintiff must allege and prove the essential elements of the wrong. It is essential both to aver and prove the defendant's knowledge of the contract in question. Such knowledge is not pleaded sufficiently by a mere allegation that he maliciously prevented performance of the contract. A prima facie case of wrongful interference with a contract is made out if it is alleged (1) that the acts were intentional and wilful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted."

The counterclaim wholly failed to comply with those requirements. It did not allege that the act of the bank was intentionally calculated to damage Irby, it was done with the unlawful purpose of causing damage without right or justifiable cause on the part of the bank, the Shreveport bank would not otherwise have called its loan, and the construction contracts would otherwise have been performed. Globe & Rutgers Fire Ins. Co. v. Firemen's Fund Ins. Co., 97 Miss. 148, 52 So. 454 (1910); Wesley v. Native Lbr. Co., 97 Miss. 814, 53 So. 346 (1910); Bailey v. Richards, 236 Miss. 523, 111 So. 2d 402 (1959); 86 C. J. S., Torts, Sec. 43. Nor does the counterclaim charge any cause of action founded upon fraud or breach of trust. See Gardner v. State, 235 Miss. 119, 108 So. 2d 592 (1959); 37 C. J. S., Fraud, Sec. 3.

Moreover, under Miss. Code 1942, Sec. 1483.5, the counterclaim must arise out of or be connected with "the situation, occasion, transaction or contract or subject matter upon which the plaintiff's action is based." The tort attempted to be alleged by appellants in their counterclaim does not comply with this requirement of the statute, having no causal or factual relation to the promissory note, which was executed over a year after the acts alleged in the counterclaim. City of Oxford v. Spears, 228 Miss. 433, 440, 87 So. 2d 914 (1956); see Daniel, The Mississippi Counterclaim Statute, 25 Miss. L. J. 252 (1954); Coastal Produce Assn. v. Wilson, 193 S. C. 339, 8 S. E. 2d 505 (1940); Exchange Bank of Meggette v. Bennett, 193 S. C. 320, 8 S. E. 2d 515 (1940); Hancammon v. Carr, 229 N. C. 52, 47 S. E. 2d 614 (1948).

The action of the trial court in sustaining plaintiff's motion to strike certain portions of defendants' answer was not error. Although averments of the answer are in many places ambiguous, the defenses of duress, lack of consideration, and breach of parol collateral contract were preseved to defendants. They offered no evidence to support them.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee, Kyle* and *Gillespie, JJ.,* concur.