BROOM, Justice:
Appellee was awarded damages as a consequence of flooding of his lands from a recently constructed sewer lagoon of the City of Bruce on nearby property. The award was made in the Chancery Court of Calhoun County, wherein appellee sought damages as well as injunctive relief.
Appellee averred in his amended bill of complaint that he owned certain lands in Calhoun County lying north of *516 Cow-Pen Creek near The Liquor-Up Crossing on Skuna River. The lands are situated to the south of appellant’s sewer lagoon. Some thirty-five acres of his lands were averred by appellee as “rendered virtually useless because of the overflow of water from the sewer lagoon” of appellee. Conflicting evidence was heard by the chancellor as to whether or not since completion of the new sewer lagoon in 1968 there had been an increase of overflow of water on appellee’s land causally related to the city’s construction of the lagoon. Appellant had no license, easement or consent from appellee to cause the water or sewage to flow onto or across his land. Since there was at least substantial evidence to support the chancellor’s finding of liability against appellant and in favor of appellee, we affirm his decision as to liability. City of Meridian v. Tingle, 226 Miss. 317, 84 So.2d 388 (1956).
Appellee introduced testimony showing substantial expenses which he incurred, and damages suffered by him as a consequence of the wrongful flooding of his property. While his proof was sufficiently clear in regard to a portion of the actual expenses incurred by him on account of the flooding, his proof did not include any amount related to the loss of rental value of his land. A careful study of the record causes us to conclude that the amount of the judgment awarded him over the sum of $2,500 for damages (exclusive of interest) was not based upon substantial evidence and cannot be allowed to stand. We recognize that it is not possible in every case of this type to prove every item of damages with mathematical certainty and precision, but any award must be based upon something that is not entirely speculative or a matter of pure surmise and conjecture. Hudson v. Farrish Gravel Co., 279 So.2d 630 (Miss.1973).
In our opinion, that portion of the judgment awarding appellee damages over and above $2,500 was not supported by evidence sufficiently clear or based upon testimony adduced. However, since there is no other reversible error, a new trial will be granted on the issue of damages only. We are of the opinion that appellee should have the option of entering a remittitur of $1,458 within ten days from the date that the judgment here becomes final. In the event he enters the remittitur, the original judgment is affirmed for $2,500 plus accrued interest. Otherwise the cause will be reversed and remanded for retrial on the issue of damages only.
Affirmed on the condition of remittitur, otherwise reversed and remanded for a new trial on the sole issue of damages. Costs are assessed equally against the parties.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.