FAIR, J.,
for the Court:
¶ 1. Consandra and Tom Christmas allege that Exxon’s Centreville Landfarm is infested with alligators that have spilled over onto their adjoining land. The issue on appeal is whether them claim for damages is barred by the statute of limitations. We reverse because we find a genuine issue of material fact as to when the injury to the Christmases’ property was reasonably discoverable.
FACTS
¶ 2. In December 2003, the Christmases purchased approximately thirty-five acres of land in rural Wilkinson County between the towns of Centreville and Woodville. Adjacent to the Christmases’ property is the Centreville Landfarm, a refinery waste disposal site owned and maintained by Exxon. The Christmases were apparently unaware of the nature of the site next-door when they purchased their property.
¶ 3. The Centreville Landfarm was originally operated by Rogers Rental and Landfill Company Inc. The property has nineteen rainwater retention ponds, totaling about eighty-five surface acres of water. Alligators were allegedly introduced to the site as “canaries” to warn of hazardous contamination in the retention ponds. Exxon has owned the facility since July 2001, but it had a close relationship with Rogers that stretched back to at least 1980. At some point in the 1990s, Rogers stopped accepting new refinery waste, and the facility has since been maintained as a former waste disposal site.
¶ 4. The Christmases filed suit against Exxon on August 11, 2008. They alleged that their property had been contaminated with runoff from the landfarm and that the Exxon property was infested with alligators. The trial court granted summary *171 judgment to Exxon, and the Christmases appeal.
STANDARD OF REVIEW
¶ 5. “We employ a de novo standard of review of a trial court’s grant or denial of summary judgment and examine all the evidentiary matters before it....” Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 6. “The evidence is viewed in the light most favorable to the party opposing the motion.” Davis, 869 So.2d at 401 (¶ 10). “[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). Furthermore:
[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
DISCUSSION
¶ 7. On appeal, the Christmases have conceded the trial court properly granted summary judgment on their contamination claim. They have likewise abandoned their claim that the “stigma” of the neighboring Exxon property caused an actionable diminishment in their property’s value.[1] This appeal is limited to the specific question of whether the trial court erred in granting summary judgment on the claim of damages stemming from alligator infestation. The circuit court asserted two independent but related grounds when it granted summary judgment on the infestation claim: the statute of limitations and the prior trespass doctrine.
1. Statute of Limitations
¶ 8. Liability for a private nuisance exists when there is “an invasion of another’s interest in the private use and enjoyment of land, and the invasion is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities.” Leaf River Forest Prods., Inc. v. Ferguson, 662 So.2d 648, 662 (Miss.1995).
¶ 9. The Christmases contend the alligator infestation of the Exxon property is a non-abatable nuisance that has caused a permanent injury to their property. They have made it clear they are seeking damages for permanent depreciation of their land, not an abatement of the nuisance or damages for the temporary loss of use or enjoyment of the property. See generally City of Oxford v. Spears, 228 Miss. 433, 439, 87 So.2d 914, 916 (1956). Although the assertion of permanent injury is questionable,[2] where “a party serious *172 ly pleads a limitations defense, he concedes pro tanto a claim has been stated.” Bowen v. Flaherty, 601 So.2d 860, 862 (Miss.1992). Moreover, the posture of this case is summary judgment. An appellate court cannot affirm summary judgment on grounds not timely raised in the trial court. Due process is implicated because the nonmoving party is entitled to notice and an opportunity to respond to a summary judgment motion. See M.R.C.P. 56(c); Byrd v. Woods, 90 So.3d 666, 671 (¶23) (Miss.Ct.App.2012). Thus we assume for the sake of this analysis that the infestation is a permanent injury to the Christmases’ property.
¶10. Mississippi Code Annotated section 15—1—49 (Rev.2012) provides for a three-year statute of limitations for nuisance claims. “A cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.... ” Rankin v. Mark, 238 Miss. 858, 865, 120 So.2d 435, 437 (Miss.1960) (internal quotations omitted). There appears to be no question the Exxon property became infested well outside the limitations period. Alligators were allegedly introduced to the Exxon property prior to 1984, and the retention ponds have apparently existed at least that long. It was also attested that by the year 2000 (at the latest), there were “many, many alligators” on the Exxon property, and a real estate agent involved in the sale of the property to the Christmases stated that an alligator may have attacked a horse he kept on the Christmas property.
¶ 11. There is, however, a discovery exception that tolls the limitations period when the injury is latent. Section 15-1-49(2) states:
In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
The Mississippi Supreme Court has extended the discovery rule to actions involving latent injury to real property. See Punzo v. Jackson Cnty., 861 So.2d 340, 345 (¶ 17) (Miss.2003); Donald v. Amoco Prod. Co., 735 So.2d 161, 166 (¶ 11) (Miss.1999). “The term ‘latent injury’ while seemingly vague does have definitive boundaries.” PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 51 (¶ 14) (Miss.2005). “For an injury to be latent it must be undiscoverable by reasonable methods.” Id. The discovery rule applies “where the plaintiff will be precluded from discovering the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question or ... when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.” Angle v. Koppers, Inc., 42 So.3d 1, 7 (¶ 16) (Miss.2010). “Because there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonably] should have known that an injury existed.” Lowery, 909 So.2d at 51 (¶ 14).
*173 ¶ 12. According to the Christmases, their property is rural and was not occupied at the time they purchased it in 2003. The land had apparently been used for hunting and timber in the years prior. It had been logged some time before and at the time of purchase was covered in dense underbrush. The Christmases admitted that they had occasionally seen alligators after taking possession, but they did not suspect anything out of the ordinary until they moved onto the land and began clearing it. They did not learn where the alligators were coming from until 2007, when Tom Christmas was allowed on the Exxon property to search for a lost hunting dog.
¶ 13. The parties largely focus on when the Christmases themselves discovered the alligators. This emphasis is somewhat misplaced, as the relevant question is when the injury should have been discovered by the owner, not the current owner at the time of the lawsuit. The statute of limitations does not reset itself every time land is sold. But because of the state of the record we cannot say with any certainty whether the infestation should have been discovered prior to the Christmases’ ownership of the property. Since Exxon bears the burden of proof, this is not fatal to the Christmases’ claim. “A plea of the statutes of limitations is an affirmative defense[,] and carrying the burden of proof lies on the party who relies upon that defense.” Graham v. Pugh, 417 So.2d 536, 540-41 (Miss.1982).
¶ 14. Whether an injury to real property is reasonably discoverable depends not only on the nature of the injury, but the character of the property and the uses to which it is put. In this case, the Christmas property was overgrown and was used for hunting and recreation, which is not unusual or unreasonable for rural land. Undergrowth could have concealed the presence of the alligators, and human activity usually would have occurred when alligators are usually idle and hidden — during the day, and in the case of hunting, mostly during the winter months. It also does not appear from the record that the Christmases could have seen the full extent of the network of retention ponds on the Exxon property from any vantage point available to them. And alligator infestation is such an unusual injury that a landowner cannot be said to be put on notice by an occasional sighting, particularly in a place like Wilkinson County where there is some naturally occurring alligator habitat.
¶ 15. “[O]ccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.” Stringer v. Trapp, 30 So.3d 339, 342 (¶ 12) (Miss.2010) (internal quotations omitted). After reviewing the record, being mindful that Exxon bears the burden of proof, we conclude reasonable minds could differ as to whether'the infestation was reasonably discoverable before the Christmas property was permanently occupied. Because there is a genuine issue of material fact, the circuit court erred in granting summary judgment on this issue.
2. Prior Trespass
¶ 16. In its motion for summary judgment Exxon argues that any injury to the property occurred prior to December 2003 when the Christmases purchased the land. Thus, Exxon argues that the doctrine of prior trespass bars the Christmases’ claim.
¶ 17. “Under the doctrine of pri- or trespass, the deed to land does not implicitly convey any right of action for trespasses or property damage that oc *174 curred prior to the transaction”; assignment of the cause of action to the purchaser must be express. Flowers v. McCraw, 792 So.2d 339, 342 (¶ 8) (Miss.Ct.App.2001) (quotations omitted).
¶18. However, “[t]he rationale for the prior trespass doctrine is that a purchaser of land to which permanent damage has been done by trespass or nuisance pays less for the land because of that damage.” Donald, 735 So.2d at 169 (¶ 25) (quoting City of Jackson v. Filtrol Corp., 624 F.2d 1384, 1389 (5th Cir.1980)). The prior trespass doctrine should not be applied when the damage was unknown when the purchase price was set. See id. at 170 (¶ 25). As we have already found a genuine issue of material fact as to whether the injury was known or should have been known at the time of the sale, we conclude the trial court erred when it granted summary judgment on the basis of the prior trespass doctrine.
CONCLUSION
¶ 19. The summary judgment requested by Exxon was limited to the issues of the statute of limitations and the prior trespass doctrine. For the purpose of these issues, we must assume the alleged alligator infestation is actionable as a permanent injury to the Christmases’ land. Although it is clear the infestation first arose outside the statute of limitations, we conclude there is a genuine issue of material fact as to when it reasonably should have been discovered. We therefore reverse the trial court’s grant of summary judgment on the infestation claim, and remand the case for further proceedings.
f 20. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. This claim was not directly raised in the complaint, but it was nonetheless addressed on summary judgment.

. If a nuisance is abatable, damages for permanent injury are not available. See Spears, 228 Miss. at 439-40, 87 So.2d at 916. The question of whether the alligator infestation can be abated has not been explored. However, the record does indicate that at the Christmases’ prompting, Exxon requested *172 that the Mississippi Department of Wildlife, Fisheries, and Parks (MDWFP) conduct an alligator census of its property. On July 2, 2007, MDWFP counted approximately eighty-four alligators, essentially one per acre of water, with the caveat that not all may have been counted. Only about sixteen of the observed alligators were four feet or greater in length. At Exxon's request, MDWFP and the Mississippi Department of Environmental Quality (MDEQ) created a harvest plan, whereby alligators of four feet or greater in length would be removed. In July 2008 a MDWFP agent trapper culled seven adult alligators from the property. Exxon had also reinforced its fence along the Christmases' property, apparently to keep alligators from passing under it.