FAIR, J.,
for the Court:
¶ 1. Samson Byrd claims an interest in certain real property. He appeals from the Franklin County Chancery Court’s grant of summary judgment in favor of the defendants asserting three errors. We affirm in part and reverse and remand in part.
FACTS
¶ 2. Cherry Byrd left eighty acres of land to his sons, James Leslie Byrd and Cornelius Byrd. In a partition action each son received forty acres. James had at least five children, among them Samson and Lottie Woods. Cornelius had at least one, Cornelius Fred Byrd, Jr.
¶ 3. In February of 2007 Lottie filed a complaint for adverse possession of Cornelius’s forty acres, claiming to be his sole and only heir. She published process for Cornelius, his unknown heirs, and any other person claiming an interest in his property. Cornelius Fred, a resident of Chicago, entered his appearance and claimed to be the only child of Cornelius. Cornelius Fred produced an Illinois birth certificate that reflected Cornelius as his father. Lottie and Cornelius Fred appeared in open court on September 24, 2008, and announced a settlement.
¶ 4. On October 2, 2008, Samson filed a letter to “officials of the chancery court” and asserted that he and three other siblings objected to the actions taken by his sister Lottie and Cornelius Fred. He requested that any disposition of the family land be halted.
¶ 5. A final agreed judgment was entered on November 17, 2008. The judgment held Cornelius Fred to be the only child of Cornelius and sole owner of all of his father’s property.[1] Lottie was vested *669 with title to ten acres by agreement.[2]
¶ 6. In August 2009, Samson filed a complaint against Lottie and Cornelius Fred for relief from judgment under Rule 60(b), or injunction, or adverse possession, or to quiet title. Samson asserted that Lottie was only on the property with his permission; that he and his predecessors had been in possession of the property for well over ten years; that service of process was insufficient; and that Cornelius Fred was an illegitimate child.
¶ 7. Cornelius Fred and the Howells filed a motion for summary judgment contending Samson’s filing was not timely. They also filed a separate motion for partial summary judgment as to Cornelius Fred’s legitimacy. At the hearing, Samson testified, and three exhibits were admitted.[3] Samson stated he felt that all the land really belonged to his father, and because it was family land, he should have been personally notified by his sister about the prior proceeding. He admitted that he filed an objection letter over nine months prior to filing his complaint.
¶ 8. The chancellor dismissed all of Samson’s claims with prejudice on February 23, 2011. In her final judgment, she explained: Samson failed to present any proof that contradicted the birth certificate presented by Cornelius Fred; Samson had no color of title; Samson did not show publication notice was insufficient; and Samson failed to show why the six-month time limit under Rule 60(b) should not apply to his claim.
¶ 9. Samson filed a motion for reconsideration in March 2011. He attached a copy of a divorce decree, which stated that Cornelius had entered into a bigamous marriage with Cornelius Fred’s mother. On the same day, Samson filed his notice of appeal. The motion was never brought for hearing before the chancery court.
¶ 10. On appeal, Samson argues: (1) the court erred in finding his motion for reconsideration time-barred under Rule 60(b)(4) and (6); (2) the court erred in finding Cornelius Fred to be a legitimate son of Cornelius; and (3) the court erred in granting summary judgment as to all claims.[4]
STANDARD OF REVIEW
¶ 11. We review the grant of a summary judgment de novo. Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). Evidence shall be viewed in the light most favorable to the opposing party. Davis, 869 So.2d at 401 (¶ 10).
¶ 12. The opposing party may not rest upon the allegations of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. M.R.C.P. 56(e). If the opposing party “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immateri *670 al, and the moving party is entitled to judgment as a matter of law.” Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
DISCUSSION
¶ 13. As a threshold issue, we must address service of process in the first suit to determine whether Samson should have been made a party to that action. Had he been joined, complete relief could have been afforded in 2008, and the current claims would be barred by res judicata.
1. Service of Process
¶ 14. Mississippi Rule of Civil Procedure 4(c)(4) states that if a defendant cannot be found after diligent search and inquiry, shown by sworn complaint or filed affidavit, he may be made a party by publication. In the 2007 adverse possession action, Lottie filed an affidavit of diligent search and inquiry to obtain a publication summons. However, she must have known that her brother (and her other siblings) would have an interest in the “family land” she sought to adversely possess. They were both potential heirs of Cornelius and believed the property belonged to their family. Further, Lottie and Samson were not estranged, so it is unlikely she could not find him after diligent search and inquiry. But Lottie did not serve Samson personally, nor did she mention or serve her other three siblings.
¶ 15. “The rules on service of process are to be strictly construed. If they have not been complied with, the court is without jurisdiction unless the defendant appears of his own volition.” Kolikas v. Kolikas, 821 So.2d 874, 878 (¶ 16) (Miss.Ct. App.2002). In Caldwell v. Caldwell, 533 So.2d 413 (Miss.1988), the supreme court stated “if at any stage of the proceedings it appears that ... the affidavit was not made in good faith after diligent inquiry, under the facts of the particular case, the process should be quashed by the court....” Id. at 416.
¶ 16. Therefore, Lottie did not obtain service of process on Samson by publication because her affidavit was not made in good faith after diligent inquiry. Neither he nor Lottie’s other siblings are bound by the 2007 judgment.[5]
2. Legitimacy
¶ 17. In the 2009 action, the defendants’ motion for partial summary judgment contained a copy of Cornelius Fred’s birth certificate. It reflects Cornelius as his father, and it specifically notes that Cornelius Fred is “legitimate.” At the hearing, the chancellor instructed Samson to offer any evidence he had that would refute the information on the birth certificate. Samson had none.
¶ 18. By presenting Cornelius Fred’s birth certificate to the court, the defendants made out a prima facie case of legitimacy. A party opposing summary judgment may not rest upon the allegations of his pleadings but must set forth specific facts showing that there is a genuine issue for trial. M.R.C.P. 56(e). Samson bore this burden at the summary judgment hearing, but he did not present any evidence. Because he could not show there was a genuine issue for trial, the chancellor had no choice but to grant partial summary judgment and vest title in Cornelius Fred to all of his father’s property.
*671 3.Motion to Reconsider
¶ 19. On the same day he filed his notice of appeal, Samson also filed a motion to reconsider in the chancery court.[6] A motion to reconsider is generally filed under Mississippi Rule of Civil Procedure 59 and can stay an appeal, but any post-trial motion must be filed -within ten days to render a notice of appeal ineffective. See Luse v. Luse, 992 So.2d 659, 661 (¶ 3) (Miss.Ct.App.2008). As this motion for reconsideration was filed thirty days after judgment was rendered, it has no effect on this appeal. Samson is procedurally barred from raising this issue on appeal because of his failure to preserve the chancellor’s ruling on his motion. See Howard v. Gunnell, 63 So.3d 589, 598 (¶ 18) (Miss.Ct.App.2011). However, even if the motion had been timely filed, it is without merit.
¶ 20. Samson requested that the court reconsider its judgment in light of newly discovered evidence. He attached a copy of a divorce decree finding the marriage of Cornelius Fred’s parents to be bigamous. Samson argues that this invalid marriage renders Cornelius Fred illegitimate and not entitled to be the sole heir at law of Cornelius.
¶ 21. A child born during wedlock is presumed to be legitimate. Stone v. Stone, 210 So.2d 672, 674 (Miss.1968). The Mississippi Supreme Court has held that where a ceremonial marriage took place and children were born of that union, those children could inherit as lawful heirs-at-law even though the father’s first marriage had not been previously dissolved. Miss. Code Ann. § 91-1-15(3)(a) (Supp.2011); see also Webster v. Kennebrew, 443 So.2d 850, 860 (Miss.1983) (citing Miss.Code Ann. § 91-1-5 (Supp.1983)). Despite the fact that Cornelius’s marriage was bigamous, Cornelius Fred was born of that union after a ceremonial marriage took place and is, therefore, entitled to inherit as the legitimate sole heir-at-law of Cornelius. Further, Cornelius Fred’s legitimacy is irrelevant under Stanley v. Illinois, 405 U.S. 645, 651-52, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (holding that the Equal Protection Clause limits the authority of the state to differentiate between legitimate and illegitimate children).
4. Grant of Summary Judgment as to All Claims
¶ 22. Samson argues that the chancery court erred in granting full summary judgment because only the Rule 60(b) claims and the legitimacy issue were noticed for hearing. Further, he argues that the facts related to his adverse possession claim were disputed, making summary judgment inappropriate.
¶23. Under Peavey Electronics Corp. v. Baan U.S.A., Inc., 10 So.3d 945, 956-57 (¶ 27) (Miss.Ct.App.2009), a court errs in granting summary judgment sua sponte on an issue not raised in the moving party’s motion for summary judgment. The opposing party is entitled to notice and an opportunity to respond. Id. at 956 (¶ 26). As neither summary judgment motion encompassed Samson’s adverse possession claim, he was not on notice to respond, and it was error to grant summary judgment on that issue. We remand Samson’s adverse possession claim for further proceedings.
5. RULE 60(b)
¶ 24. Finally, Samson argues that the chancellor erred in granting summary judgment based on the six-month time bar *672 normally applied under Rule 60(b)(l)-(3). Samson’s complaint was filed under Rule 60(b) as an independent action. Hester v. State, 749 So.2d 1221, 1223 (¶ 12) (Miss.Ct.App.1999), approves this method and notes that under federal precedent, “there is no time limit save laches on when the action may be brought.” (quoting In re Casco Chem. Co., 335 F.2d 645, 652 (5th Cir.1964)).
¶ 25. As we have explained, the 2007 judgment does not bind Samson because he was not properly served with process. He did not have to obtain relief from that judgment under Rule 60(b), so there is no merit to this assignment of error.
¶ 26. However, under the circumstances of this case, the doctrine of laches has clearly attached. Samson was given a hearing on his complaint where the chancellor allowed him to present whatever proof he had of his claims. He was also allowed to explain what evidence existed that would support his allegations of ownership under any theory. Further, the chancellor’s finding on the timeliness of his Rule 60(b) motion was only one basis for her grant of summary judgment. In her final judgment, the chancellor also relied on the fact that Samson had not produced any proof of record title or Cornelius Fred’s illegitimacy. Samson could not meet his burden at the hearing, and summary judgment was properly granted. Although it may have been error to rely on the six-month deadline normally applied under Rule 60(b)(l)-(3), “[i]t is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal.” Green v. Cleary Water, Sewer & Fire Dist., 17 So.3d 559, 572 (¶ 2) (Miss 2009).
CONCLUSION
¶ 27. The 2007 judgment does not bar Samson’s claim on the property because he was not properly served. However, Samson’s claims for relief from judgment due to illegitimacy were heard by the chancery court, and summary judgment was properly granted as to those issues because he could not provide evidence to support his claims. The only evidence of record shows that Cornelius Fred is the sole heir-at-law to Cornelius and properly inherited the disputed property. However, it was error to grant summary judgment as to Samson’s adverse possession claim when the issue was not raised in the moving party’s motion for summary judgment. We remand Samson’s adverse possession claim for further proceedings.
¶ 28. THE JUDGMENT OF THE FRANKLIN COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.

. In November, Cornelius Fred transferred his property to Jeremy and Wendy Howell by warranty deed. The Howells then transferred the property to G & G Outdoors by warranty deed in June 2009.

. Lottie transferred her property to Michael Byrd in May 2009.

. Samson introduced a warranty deed for nearby property, an old survey showing some of the disputed property, and the letter he filed objecting to the 2007 judgment.

.Woods responded to Samson’s appeal pro se. Because she did not address the issues presented or cite any legal authority, statute, or parts of the record as required under Mississippi Rule of Civil Procedure 28(a)(6), we will not discuss her contentions. At her request, her son Michael, also a party, appeared on her behalf at oral argument.

. The 2007 judgment is a judicially recognized settlement agreement that was reached between Woods and Cornelius Fred and announced in court. It remains binding as to those two parties.

. Though Samson styled his filing as a motion to reconsider, it is actually a motion for relief from judgment under Rule 60(b)(3) since not filed within 10 days of entry of the judgment.