## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2022-CA-00595-COA

**SHARON MOORE, PARENT AND NEXT FRIEND OF MINOR CHILD, A.T.**                                   **APPELLANT**

**v.**

**JACKSON PUBLIC SCHOOL SYSTEM**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/30/2022 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | WILLIAM SCOTT MULLENNIX |
| ATTORNEYS FOR APPELLEE: | STEVEN LLOYD LACEY ALLISON PERRY FRY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 09/19/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1. Sharon Moore filed suit against the Jackson Public School District (JPS), alleging that her minor son, A.T., had been repeatedly assaulted and sustained severe injuries because of JPS's negligence. JPS moved for summary judgment, essentially arguing that Moore's allegations failed to state a claim upon which relief could be granted and that her claims were barred by sovereign immunity under the Mississippi Tort Claims Act (MTCA) or other statutes. The circuit court held that JPS's "broad legal arguments" were without merit. Nonetheless, the circuit court granted summary judgment in favor of JPS on the ground that Moore "failed to present probative evidence" in support of her negligence claim.

¶2.    Moore was under no obligation to produce evidence in response to JPS's motion for summary judgment because JPS's motion did not challenge the sufficiency of Moore's evidence on any essential element(s) of her claim. Furthermore, the circuit court erred by granting summary judgment on a ground that was not raised or properly supported in JPS's summary judgment motion. Therefore, we reverse the grant of summary judgment and remand the case for further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

¶3.    In 2017, A.T. was a special needs student at Rowan Middle School (Rowan), a JPS school. Moore alleges that on February 22, 2017, A.T. was riding on a school bus when he was assaulted by two eleventh-grade students, C.K. and M.J. Moore further alleges that there was no bus monitor on the bus at the time of the assault and that "A.T. received bruises and contusions from the assault."

¶4.    Moore alleges that on March 1, 2017, a counselor at Rowan informed Moore that A.T. had been assaulted by another child, H.S., and H.S. had threatened that he was "going to get" A.T. On March 2, 2017, A.T. was assaulted at school by H.S.'s brother C.S., an eleventh-grade student. Moore alleges that A.T. "was unescorted" at the time of the attack and "suffered a broken leg and ankle," which later required surgery.

¶5.    Moore alleges that JPS's negligence caused A.T.'s injuries and asserts claims for negligence, negligent infliction of emotional distress, and negligence per se. JPS answered the complaint, denying liability and asserting various affirmative defenses.

¶6.    Moore subsequently filed a motion for summary judgment, arguing that A.T. suffered

2

injuries because JPS breached its duties to protect A.T., to provide a safe school environment, and to control and discipline disorderly students. In support of her motion, Moore attached the depositions of Peggy Hooker and Derrick Townsend, who worked at Rowan at the time of the assaults at issue. However, neither Hooker nor Townsend witnessed any of the assaults against A.T.

¶7. JPS then filed a motion for summary judgment. JPS argued that it was entitled to judgment as a matter of law on two grounds:

1. All of [Moore's] claims are predicated upon or flow from a purported breach of a statute and/or regulation. The Mississippi Supreme Court has reiterated and reaffirmed that no cause of action is created by a purported breach of a statute, rule, regulation, or ordinance, and that the State has not waived sovereign immunity for such claims. As such, all of [Moore's] claims are affirmatively prohibited as a matter of law.

2. In the alternative, [JPS] is entitled to immunity as to all of [Moore's] claims, either under the general education statutes or the exemptions to liability provided by the Mississippi Tort Claims Act.

JPS elaborated on these two arguments in its supporting memorandum. JPS argued that Moore's claims failed as a matter of law because they were "explicitly predicated upon the purported breach of purported ministerial duties of a statute, [Mississippi Code Annotated section] 37-9-69 [(Rev. 2019)]."[1] JPS argued that there "is no waiver of sovereign immunity" and "no cause of action" "for such claimed breaches." JPS also argued that it was immune from liability under the "general education statutes," Miss. Code Ann. § 37-11-

---

[1] The statute states in part that "superintendents, principals and teachers shall hold the pupils to strict account for disorderly conduct at school, on the way to and from school, on the playgrounds, and during recess." The statute is cited once in the operative complaint, but it is not the sole basis of Moore's negligence claims.

3

57(1)-(2) (Rev. 2013),[2] and the MTCA, Miss. Code Ann. § 11-46-9(1)(x) (Rev. 2019).[3] JPS submitted no affidavits, depositions, or other discovery materials in support of its motion.

¶8. The parties filed responses to and rebuttals in support of their respective motions, but neither party submitted any additional evidence. During a hearing on the motions, the circuit judge stated that she was "concern[ed]" that she did not "have any facts from either" Moore or JPS because neither party had submitted any testimony from any person who actually

---

[2] This statute provides in part:

(1) Except in the case of excessive force or cruel and unusual punishment, a public school teacher, assistant teacher, principal, or an assistant principal acting within the course and scope of his employment shall not be liable for any action carried out in conformity with state or federal law or rules or regulations of the State Board of Education or the local school board or governing board of a charter school regarding the control, discipline, suspension and expulsion of students. . . .

(2) . . . No public school teacher, assistant teacher, principal or assistant principal so acting shall be held liable in a suit for civil damages alleged to have been suffered by a student as a result of the administration of corporal punishment, or the taking of action to maintain control and discipline of a student, unless the court determines that the teacher, assistant teacher, principal or assistant principal acted in bad faith or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights or safety. . . .

[3] Under this provision, a school district and its employees "shall not be liable for any claim . . . [a]rising out of the administration of corporal punishment or the taking of any action to maintain control and discipline of students, as defined in Section 37-11-57, by a teacher, assistant teacher, principal or assistant principal of a public school district . . . unless the teacher, assistant teacher, principal or assistant principal acted in bad faith or with malicious purpose or in a manner exhibiting a wanton and willful disregard of human rights or safety[.]" However, the Mississippi Supreme Court has held that both section 37-11-57 (*see supra* note 2) and section 11-46-9(1)(x) "are applicable only to claims by the student who was the object of discipline, and not injured third parties, such as [A.T.]." *Smith ex rel. Smith v. Leake Cnty. Sch. Dist.*, 195 So. 3d 771, 780 (¶32) (Miss. 2016).

4

witnessed the assaults against A.T. The judge stated, "All I can tell . . . both parties is that right now looking at what I have, I don't have sufficient facts to rule on a motion for summary judgment." JPS's attorney then stated that JPS's motion was based "on the law," not the "facts," and reiterated the legal arguments raised in JPS's motion.

¶9. The judge subsequently entered an order denying both motions. The order stated, "In short, both motions for summary judgment must be denied because the parties failed to put forth sufficient evidence to make a determination."

¶10. JPS then filed a motion to alter or amend the judgment pursuant to Mississippi Rule of Civil Procedure 59(e). JPS began this motion by arguing that the circuit court lacked "subject matter jurisdiction."[4] JPS essentially argued that the circuit court lacked "subject matter jurisdiction" because JPS possessed sovereign immunity. JPS then reiterated its prior arguments that it was immune from liability under the "general education statutes" and the MTCA. Moore filed a response, and JPS filed a rebuttal.

¶11. The circuit court granted JPS's motion. The court's order began by holding that it clearly had "subject matter jurisdiction for this civil, negligence-based suit." The court also held that JPS's "broad legal arguments fail as a matter of law." Nonetheless, the court granted JPS's motion to alter or amend the judgment and granted summary judgment in favor of JPS. The court's order stated,

> As stated in the prior ruling, insufficient facts and evidence prohibited the Court from making a determination on either motion for summary judgment. However, and more importantly, the Court finds that [Moore] has failed to

---

[4] JPS asserted that it had raised this issue in its motion for summary judgment. In fact, JPS never mentioned this issue prior to the denial of its summary judgment motion.

present probative evidence demonstrating a single triable issue of fact. Aside from accusations and conjecture, there has been no proof that a genuine issue of material fact exists; much less proof or specific facts showing that [JPS] could be liable under any theories or claims posed in the Complaint. It is for that reason, the Court must amend its prior ruling and find summary judgment in favor of [JPS].

(Citations omitted).

¶12. Moore filed a motion for reconsideration in which she argued that the court erred by granting summary judgment on a ground that JPS had never raised. The court denied Moore's motion without further explanation. Moore then filed a notice of appeal.

**ANALYSIS**

¶13. We review an order granting summary judgment de novo. *White v. Cockrell*, 190 So. 3d 878, 881 (¶9) (Miss. Ct. App. 2015). On appeal, Moore argues, inter alia, that the circuit court erred by granting summary judgment on a ground that was not raised in JPS's summary judgment motion. We agree. This Court has stated:

> A court errs in granting summary judgment sua sponte on an issue not raised in the moving party's motion for summary judgment. The opposing party is entitled to notice and an opportunity to respond. *Summary judgment cannot be granted on grounds not raised and properly supported in the summary judgment motion*; the plaintiff is only required to produce evidence after the defendant has made a prima facie showing that it is entitled to summary judgment.

*Id.* at 884 (¶19) (emphasis added) (quotation marks, brackets, and citation omitted); *accord, e.g.*, *Byrd v. Woods*, 90 So. 3d 666, 671 (¶23) (Miss. Ct. App. 2012).

¶14. As set out above, JPS's motion for summary judgment asserted only two arguments: (1) Moore's claims fail as a matter of law because they "are predicated upon or flow from a purported breach of a statute and/or regulation," and there "is no waiver of sovereign

6

immunity" and "no cause of action" for such claims; and (2) Moore's claims are barred by sovereign immunity under the MTCA, Miss. Code Ann. § 11-46-9(1)(x), or the "general education statutes." JPS's subsequent motion to alter or amend the judgment reargued these two issues and also asserted that the court lacked "subject matter jurisdiction." The circuit court properly held that JPS's "broad legal arguments fail as a matter of law."[5] But the court then sua sponte granted summary judgment in favor of JPS on a ground JPS never raised—that Moore "failed to present probative evidence" to support her claims. Under *White* and other precedents, this was error.

¶15. Although the dissent acknowledges that the circuit court granted summary judgment sua sponte on a ground not raised by JPS, the dissent argues that "Moore received notice and an opportunity to respond to this issue *at the summary judgment hearing*." *Post* at ¶20 (emphasis added). We respectfully disagree. At the summary judgment hearing, the judge made some general comments regarding the fact that neither party had presented testimony or affidavits from eyewitnesses to the assaults against A.T. But the judge said nothing to put Moore on notice that summary judgment would be entered against Moore unless she supplemented the record to address issues that JPS had never raised. Indeed, the judge commented that she did not think she had "sufficient facts to *rule on* a motion for summary judgment" (emphasis added)—not that she was considering granting summary judgment against Moore on grounds not raised by JPS.

_____

[5] On appeal, JPS does not argue that the circuit court erred by rejecting the "broad legal arguments" JPS actually advanced in support of its summary judgment motion. Nor does JPS challenge the circuit court's subject matter jurisdiction. As the circuit court held, it clearly has subject matter jurisdiction over this case.

¶16. Moore was under no obligation to produce evidence in response to JPS's motion for summary judgment because, as the circuit court expressly noted, JPS's motion raised only "broad legal arguments" and did not challenge the sufficiency of Moore's evidence on any essential element(s) of her claim. *White*, 190 So. 3d at 884 (¶19). Therefore, the circuit court erred by granting summary judgment on a ground that was "not raised and properly supported in [JPS's] summary judgment motion." *Id.*[6] We reverse the grant of summary judgment and remand the case for further proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**BARNES, C.J., LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. GREENLEE AND McDONALD, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE, WESTBROOKS AND McDONALD, JJ.**

**CARLTON, P.J., DISSENTING:**

¶18. I respectfully dissent from the majority's decision to reverse the circuit court's sua sponte grant of summary judgment on grounds that were not raised in JPS's summary judgment motion. Based on our de novo standard of review, I find that the circuit court did not err in granting summary judgment in favor of JPS based on the lack of evidence demonstrating a genuine issue of material fact. *See Strickland ex rel. Strickland v. Rankin Cnty. Sch. Dist.*, 341 So. 3d 941, 945 (¶15) (Miss. 2022). I would therefore affirm the circuit

---

[6] In its appellate brief, JPS argues that "it is irrelevant that [the circuit court] ruled on different grounds than was argued by JPS." This is incorrect. "[W]e must affirm the grant of summary judgment if any ground *raised and argued below* will support the lower court's decision." *Horton ex rel. Est. of Erves v. City of Vicksburg*, 268 So. 3d 504, 507 (¶8) (Miss. 2018) (emphasis added) (brackets and quotation marks omitted). Here, we are bound to reverse because the circuit court erred by granting summary judgment sua sponte on a ground that JPS did *not* raise or argue below.

court's judgment.

¶19.    I recognize that "a trial court may not grant summary judgment sua sponte on grounds not requested by the moving party without notice and an opportunity to respond." *Peavey Elecs. Corp. v. Baan U.S.A. Inc.*, 10 So. 3d 945, 956 (¶26) (Miss. Ct. App. 2009) (internal quotation marks omitted). This Court has clarified that "trial courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." *Id.*; *accord Young v. Wendy's Int'l Inc.*, 840 So. 2d 782, 784-85 (¶11) (Miss. Ct. App. 2003).

¶20.    Although JPS did not raise the issue of Moore's lack of evidence supporting her claims in its motion for summary judgment, a review of the record confirms that Moore received notice and an opportunity to respond to this issue at the summary judgment hearing. During the hearing, the circuit judge informed both parties that she had not "receive[d] any depositions from any person who had contemporaneous knowledge about what happened on the bus or what happened in the hallway." The circuit judge explained, "[Y]ou're making arguments to the [c]ourt on motions for summary judgment wherein I'm supposed to look at the admissions, depositions[,] and the affidavits that state the facts, and right now I don't have any facts. I don't." The transcript shows that the parties then engaged in a discussion with the circuit judge regarding potential eyewitnesses and the depositions of Hooker and Townsend. The circuit judge reiterated that "right now looking at what I have, I don't have sufficient facts to rule on a motion for summary judgment."

¶21.    In *Cooper v. Sea West Mechanical Inc.*, 219 So. 3d 550, 552 (¶10) (Miss. Ct. App.

9

2017), the appellants argued that the trial court erred by addressing an issue in its order granting summary judgment that the defendant/appellee did not raise in its motion for summary judgment. On appeal, this Court agreed that the particular issue was not raised in the defendant's motion for summary judgment or amended motion for summary judgment. *Id.* However, this Court found that both parties had discussed the issue during the summary judgment hearing:

> [Appellants] first contend[] that the trial court addressed an issue in its order granting summary judgment that [the defendant] did not raise in its motion for summary judgment—namely, that [the defendant] was not negligent regarding its drug testing and policies. This particular issue was not raised in [the defendant's] motion or amended motion for summary judgment, but both parties discussed it during the summary-judgment hearing.

This Court unanimously affirmed the trial court's order granting summary judgment. *Id.*

¶22. More recently, the Mississippi Supreme Court affirmed a trial court's grant of summary judgment, but the supreme court affirmed for a reason that was not raised as an issue on summary judgment. *Strickland*, 341 So. 3d at 943 (¶2). In *Strickland*, the appellant, Christopher Strickland Sr., filed a negligence suit against the Rankin County School District (RCSD) on his son's behalf, alleging various breaches of duties by RCSD employees. *Id.* at 943 (¶7). RCSD moved for summary judgment, relying on the discretionary-function-immunity provision of the MTCA. *Id.* at (¶8). The trial court ultimately granted RCSD's motion after finding (1) that the RCSD employees acted within their discretion under the MTCA, and (2) even if discretionary-function immunity did not apply, summary judgment was proper because no genuine issues of material fact existed for any of Strickland's claims. *Id.* at 944 (¶11). Strickland appealed, and this Court affirmed. *Id.* at (¶12). The supreme

10

court granted certiorari review and affirmed the trial court's grant of summary judgment but for a different reason: Strickland had failed to produce evidence establishing a triable negligence claim. *Id*. at 943 (¶2).

¶23. In *Strickland*, the supreme court addressed whether it could consider on appeal Strickland's failure to produce evidence establishing a triable negligence claim against RCSD because RCSD moved for summary judgment based on discretionary-function immunity alone. *Id*. at 945 (¶15). The supreme court explained that RCSD filed its motion for summary judgment more than two years after Strickland had filed his complaint and after both parties had completed discovery. *Id*. The supreme court acknowledged that Strickland had abandoned some of his negligence claims at the trial level, but the supreme court found that Strickland defended his remaining claims by arguing that his affidavits "establish the existence of disputes of material facts so that summary judgment is not appropriate." *Id*. The supreme court accordingly found that "the question of whether there was a genuine issue of material fact to be presented at trial was on the table at the summary judgment stage." *Id*. The supreme court further held that "this Court's recognizing the lack of a triable negligence claim is certainly not fundamentally unfair based on our de novo standard of review." *Id*.; *see generally Smith v. City of Southaven*, 308 So. 3d 456, 465-66 (¶¶36-39) (Miss. Ct. App. 2020).

¶24. Keeping this precedent in mind, and based on our de novo review, I find no error in the circuit court's grant of summary judgment in favor of JPS based on the lack of evidence demonstrating a genuine issue of material fact. I would therefore affirm the circuit court's

11

judgment.

**GREENLEE, WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION.**